MEEKS v. STATE OF INDIANA.

[No. 30,910. Filed March 1, 1968.]

*William C. Erbecker,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Dennis J. Dewey,* Deputy Attorney General, for appellee.

LEWIS, C. J.—The appellant was indicted in Marion Criminal Court, Division Two, for the crime of rape. The matter was submitted to trial by jury, and it returned a verdict of guilty. The appellant was sentenced to a term of not less than two (2) nor more than twenty-one (21) years.

Appellant claims two (2) alleged errors pursuant to Rule 2-17 of the Supreme Court Rules (1964), the first of which is as follows:

> The trial court abused its discretion when it allowed the State of Indiana to introduce evidence that the appellant had committed the offense of rape on a woman other than the prosecuting witness.

The evidence most favorable to the State establishes the following: The prosecuting witness was twenty-six (26) years old and on the evening in question, accompanied by a girl friend, had gone to a tavern where she made the acquaintance of appellant. The prosecutrix and appellant left the tavern in the company of another couple and went to another bar. After leaving the second bar, the prosecutrix and appellant left in appellant's automobile and drove to a location on the outskirts of the City of Indianapolis. The car was parked, and the prosecutrix testified that she left the automobile, started around the rear of said car and started to run; that appellant grabbed her by the hair, threw her back against the car, and finally pushed her into the front seat of the car; that appellant threatened the woman if she yelled, and she fought back and slapped the appellant, and he threatened to kill her; that her head was pinned under the steering wheel and he held one arm behind her body, and while she was in this position he slapped her several times; and that during the course of this conduct he had sexual contact with the woman repeatedly. Prosecutrix testified that she did not at any time give her consent, that she resisted to the extent of her ability, and that she was finally rendered semiconscious. Later examination by a physician indicated that she was bruised and had contusions on both hips.

The appellant in his defense admits that the act of sexual intercourse took place, but denied that any force was involved.

The witness, who testimony appellant assigns as error, testified that appellant had carnal knowledge of her by force approximately thirty-five (35) days prior to the act charged in the indictment. It is the appellant's contention that this evidence was highly prejudicial, and should not have been admitted for the reason that it did not prove any of the essential allegations of the indictment, and since this charge was not set forth in the indictment, it violated the general rule that a defendant is entitled to be informed specifically of the crimes charged and should not be placed in the position of coming to trial uninformed as to the nature of the evidence to be presented against him. 1 Ewbank's Indiana Criminal Law, Symmes Ed., § 384, p. 236, reads as follows:

> "Proof by the state of other crimes than the one for which the defendant is on trial is generally not admissible. Such evidence is admissible only where the crime charged has been established and the motive, malice intent or guilty knowledge of the defendant is an issue. Evidence of other crimes than the one charged is also admissible where the evidence discloses a common scheme or plan.

> This general rule does not apply where the chief element of the offense is illicit intercourse between the sexes; and such evidence of prior and subsequent acts is admissible, subject to exclusion, if in the discretion of the trial court, that it is too remote."

A full discussion of the general rule and the exception as set out in Ewbank's (*supra*), including its historic background, is contained in *State v. Robbins* (1943), 221 Ind. 125, 46 N. E. 2d 691.

This Court quoted with authority from *State v. Reineke* (1914), 89 Oh.St. 390, 106 N. E. 52, in making its determination of *State v. Robbins* (*supra*). The logic for this rule is set out in *State v. Reineke* (*supra*) as follows:

> "These sexual crimes, which are an exception to the general rule as to other similar acts being admissible in evidence, may be characterized as crimes *in continuando*. The law

recognizes as a matter of common knowledge that where a single act of that character arises, there is great probability of other similar acts, either before or after, or both, and therefore the sexual conduct of the parties in question toward each other, especially the lecherous and bestial disposition of the defendant toward the prosecutrix, is a proper fact for the consideration of the jury, not to prove some other and independent offense, but for the purpose of making more probable the specific and distinct offense charged."

Also, in *Lamar* v. *State* (1964), 245 Ind. 104, 195 N. E. 2d 98, which was a prosecution by the State for sodomy, this Court stated:

"As an exception to the general rule, it is always permissible for the state, in actions involving abnormal sexual intercourse, to introduce evidence as to other improper acts of sexual intimacy committed by the defendant. *Borolos* v. *State* (1924), 194 Ind. 469, 473, 143 N. E. 360. It is said in *State* v. *Robbins* (1943), 221 Ind. 125, 136, 137, 138, 46 N. E. 2d 691, that this evidence is not admissible for the purpose of establishing the guilt of the defendant as to the particular offense charged, but is admitted in order to make it possible ' "for the jury properly to appreciate the testimony in reference to such principal transaction [*People* v. *Jenness*, 5 Mich. 305, 323] . . . ." ' . . . Or, as otherwise stated, ' "for the purpose of making more probable the specific and distinct offense charged [*State* v. *Reineke*, 89 Oh.St. 390, 394]." ' See also: *Kallas* v. *State* (1949), 227 Ind. 103, 83 N. E. 2d 769.

We believe, however, that there are limitations to the above doctrine and the case at bar calls for a full consideration of the basic demands of fairness in its application.

We are impressed with the opinion in *Lovely* v. *United States* (August 10, 1948), Cir. Ct. of Appeals, 4th Cir., 169 F. 2d 386, as the facts were very similar to this case. This was an appeal from a sentence of life imprisonment in a rape case. The Federal Court had jurisdiction in that the crime was alleged to have been committed on a military reservation. The error claimed was the admission of testimony that the accused had committed rape upon another woman fifteen (15) days prior to the crime alleged in the indictment. In revers-

ing this case, the 4th Circuit Court of Appeals engaged in a very lengthy discussion concerning the admission of testimony of a previous victim, and we quote the following language of the 4th Circuit Court of Appeals:

". . . 'The general rule of evidence applicable to criminal trials is that the state cannot prove against a defendant any crime not alleged in the indictment, either as a foundation for a separate punishment, or as aiding the proofs that he is guilty of the crime charged. 1 Bishop, New Crim. Proc. § 1120. . . .' " Quoting with authority from *People* v. *Molineux,* 168 N. Y. 264, 61 N. E. 286, 293, 62 L.R.A. 193.

"While evidence of other similar offenses is held admissible for the purpose of establishing intent in cases of assault with intent to commit rape (Wigmore on Evidence, 2d ed., sec. 357), and evidence of other offenses of like character is admissible in prosecutions for crime involving a depraved sexual instinct (See Bracey v. United States, 79 U.S.App.D.C. 23, 142 F.2d 85), the overwhelming weight of authority is that such evidence is not admissible in prosecutions for rape. The reason for the difference in the rule applicable is obvious. Other attempts to ravish have a tendency to show that an assault under investigation was made with like intent. Acts showing a perverted sexual instinct are circumstances which with other circumstances may have a tendency to connect an accused with a crime of that character. The fact that one woman was raped, however, has no tendency to prove that another woman did not consent."

". . . Until the accused admitted the intercourse with prosecutrix, the issue in the case was two fold, whether he had had carnal knowledge of her and, if so, whether it was forcibly and against her will. After he admitted the intercourse, there was only the issue of consent. At no time was there any question of assault with intent. The accused was either guilty of rape or not guilty; and his case should not have been prejudiced by evidence of a crime committed against another woman, on the theory that it might show the intent of an assault not accompanied by rape, when no one contended that any such assault had occurred. . . ."

"Equally specious is the contention that the evidence was admissible on the question of identity. The question in the case was not who ravished the prosecutrix but whether or not she had been ravished at all. . . ."

The language in *Lamar* v. *State* (*supra*) is an extension beyond the position taken in *Lovely* v. *United Staets* (*supra*).

*Watts* v. *State* (1950), 229 Ind. 80, 95 N. E. 2d 570, is in accordance with *Lovely* v. *United States* (*supra*), and states:

> "The general rule in Indiana for the admission of evidence of separate, independent, and distinct crimes, in establishing the guilt of a defendant, is that such evidence is inadmissible *except to show intent, motive, purpose, identification, or a common scheme or plan. Zimmerman* v. *State* (1921), 190 Ind. 537, 130 N. E. 235; *Gears* v. *State* (1932), 203 Ind. 380, 180 N. E. 585, *Hergenrother* v. *State* (1939), 215 Ind. 89, 18 N. E. 2d 784 . . ." (Our Emphasis.)

It is manifest in reading *Lamar* (*supra*) and *Watts* (*supra*) together that the rule regarding admissibility of prior sexual acts has been stretched beyond that as espoused in *Watts* (*supra*) to create a specific exception, per se, for such acts to the exclusionary rules of evidence . The rule now being, if an individual is on trial for a crime involving abnormal sexual intercourse, evidence of other improper acts of sexual intimacy are always admissible. We believe that this can be a dangerous situation. An individual on trial for a sexual offense should be afforded the same evidentiary safeguards against irrelevant prejudicial testimony as an individual on trial for another felony.

In the case at bar we conclude, as did the 4th Circuit of Appeals in *Lovely* (*supra*), that the testimony concerning a separate similar offense committed some weeks prior to the offense charged in the indictment, and which was admitted over objection of the appellant, constituted error. The facts did not fall within the exceptions to the general rule on the admission of evidence of other or similar offenses. Such evidence must be relevant to some point at issue, and in the case at bar, with consent being the only element at issue, the other alleged rape was irrelevant.

It is needless to discuss the other claimed error of appellant since this case must be reversed because of erroneous admission of the evidence objected to.

Judgment is reversed with instructions that a new trial be granted, and for further proceedings not inconsistent with this opinion.

Arterburn, Hunter, Jackson and Mote, JJ., concur.

NOTE.—Reported in 234 N. E. 2d 629.