ROBERT WAYNE AUSTIN *v*. STATE OF INDIANA.

[No. 1173S225. Filed November 27, 1974.]

*Robert Howard Brown,* of Terre Haute, for appellant.

*Theodore L. Sendak,* Attorney General, *Henry O. Sitler,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged with the crimes of Sodomy, Rape and Kidnapping, all arising out of the abduction and abuses of the prosecuting witness by the defendant on November 8, 1972. He was found guilty on all counts and sentenced to imprisonment upon such charges respectively for terms of two (2) to fourteen (14) years, two (2) to twenty-one (21) years and life. His appeal presents four issues:

I. The admissibility of evidence of prior sexual offenses of the defendant.

II. The admissibility of testimony that the defendant had approached another woman shortly prior to the abduction of the prosecuting witness.

III. The admissibility of extra-judicial statements of the defendant made to a police officer during his incarceration and admitting a prior sexual assault.

IV. The denial of the defendant's motion for mistrial following a reference to a polygraph test by one of the State's witnesses.

\* \* \*

The prosecuting witness was a college student. She lived on campus. In the early night hours, she left her dormitory to go to another building on campus. While crossing a public street, she was approached by the defendant who said he wanted to talk to her. He forced her into his automobile and drove to a secluded spot and there forced her to submit to sexual intercourse, fellatio and cunnilingus. The sufficiency of the evidence is not in issue.

ISSUE I. A State's witness, another woman student at the college, testified that in the early morning hours of the same day as the abduction of the prosecuting witness, the defendant forced her into his automobile, drove to a secluded area and forced her to submit to sexual intercourse and oral sex. Defendant objected to this testimony and moved to have it stricken, which objection and motion were overruled.

The general rule in Indiana for the admission of evidence of separate, independent and distinct crimes in establishing the guilt of a defendant is that such evidence is inadmissible except where relevant to show: (1) intent, (2) motive, (3) purpose, (4) identification, (5) common scheme or plan. *Watts* v. *State* (1950), 229 Ind. 80, 95 N.E.2d 570, and cases there cited.

It has been held, however, that the above rule does not apply where the chief element of the defense is illicit intercourse between the sexes, and that such evidence of prior and subsequent acts is admissible subject to ex-

clusion in the discretion of the trial court for remoteness. *State* v. *Robbins* (1943), 221 Ind. 125, 46 N.E.2d 691.

The Robbins' decision was not followed in *Meeks* v. *State* (1968), 249 Ind. 659, 234 N.E.2d 629 and Judge Lewis writing for a unanimous Court and relying principally upon *Lovely* v. *United States* (1948), Cir. Ct. of Appeals 4th Cir., 169 F. 2d 386, determined that an individual on trial for a sexual offense should be afforded the same evidentiary safeguards against irrelevant prejudicial testimony as an individual on trial for any other felony. This Court subsequently declined to follow the Meeks decision in *Miller* v. *State* (1971), 256 Ind. 296, 268 N.E.2d 299, wherein the court on a charge of rape by force, permitted a witness to testify that the defendant had raped her by force thirty-five days prior to the act charged. This Court distinguished Meeks as having been involved only with the issue of consent. Sodomy was not an issue. The writer of this opinion dissented therein and would, in the case at bar, exclude the evidence, but the majority has voted to follow the Miller decision.

ISSUE II. Another woman student at the college testified, over the defendant's objection, that she was approached by the defendant, approximately one-half hour prior to the time the prosecuting witness was abducted and in the same general area, and that the defendant on that occasion asked her if she knew where George lived. Although the defendant was not charged with any offense against this witness, her testimony was relevant in that it placed the defendant in the area at the approximate time the abduction occurred. Any fact which tends legitimately to connect the accused with the commission of the crime is admissible. *Elliott* v. *State* (1972), 258 Ind. 92, 279 N.E.2d 207, 209; *Pullins* v. *State* (1970), 253 Ind. 644, 647, 256 N.E.2d 553; *Thomas* v. *State* (1968), 251 Ind. 76, 80, 238 N.E.2d 20; *Foreman* v. *State* (1938), 214 Ind. 79, 84, 14 N.E.2d 546. See also, 29 Am. Jur. 2d, *Evidence* § 251; 22A C.J.S., *Criminal Law* §§ 606 and 610.

ISSUE III. Over the defendant's objection that it related to an event too remote to the issue, a police officer was permitted to testify that while the defendant was in his custody, the defendant voluntarily related to him that five years earlier he yielded to an urge to force sexual intercourse upon the woman with whom he was living and who would have readily consented. He related that he thought that this was when the urge to force intercourse first started with him. The evidence was relevant as reflective of the defendant's criminal intent. In this regard, we think the remoteness of the first instance of forcible intercourse was immaterial, because the admission of the defendant clearly indicated that the urge for forcible intercourse continued to the present time. Upon a specific objection for "remoteness," however, the trial judge has wide discretion; and the degree of remoteness goes to the weight and not to the admissibility of the evidence. *Garr* v. *State* (1967), 248 Ind. 295, 297, 227 N.E.2d 171; *Watts* v. *State* (1950), 229 Ind. 80, 104, 95 N.E.2d 570; *Booher* v. *State* (1926), 198 Ind. 315, 321, 153 N.E. 497.

ISSUE IV. During the direct examination of Police Officer Tryon by the prosecutor, the witness' attention was directed to November 11th and he was asked:

"And would you tell the jury where you went with the defendant and who went with you?"

The witness replied:

"At seven o'clock A.M., November 11, 1972, the chief of Detectives, Frank Hoffman, Detective Michaels, and myself, and Indiana State University Officer, Chris Lester accompanied Robert Wayne Austin to Putnamville, Indiana, the location of the Indiana State Police Post, where a polygraph - - - - -."

At the mention of the word "polygraph," defense counsel moved for a mistrial. The motion was denied, but the jury was instructed to disregard the witness' last statement and to give it no consideration when considering the rest of his

testimony. Interrogation concerning November the 11th was not resumed.

It is the defendant's contention that the mere mention of the word "polygraph" was so prejudicial as to constitute an "evidentiary harpoon," speculating that the jury would thereby conclude that the defendant had undergone and failed a polygraph examination upon the issue of the crime charged.

> The granting of a motion for mistrial rests largely in the discretion of the trial judge. *Bonds* v. *State* (1972), 258 Ind. 241, 280 N.E.2d 313; *White* v. *State* (1971), 257 Ind. 64, 272 N.E.2d 312.

If the defendant underwent a polygraph test, such fact should not have been disclosed to the jury—directly or indirectly, but we do not draw the harmful conclusion that the defendant does. The mention of the word "polygraph" was probably erroneous—but harmless. Certainly it did not rise to the level compelling a mistrial without the guidelines set forth in *White* v. *State, supra.* "Voluntary testimony of witnesses frequently cannot be controlled by counsel during questioning. However, even if the testimony of the witness was prejudicial to the appellant the action of the court in admonishing the jury to disregard that testimony, ordering it stricken from the record and ordering the jury not to consider the same, cured the defect." *McPhearson* v. *State* (1966), 247 Ind. 579, 583, 219 N.E.2d 907.

We find no reversible error, and the judgment of the trial court is affirmed.

Arterburn, C.J., Givan and Hunter, JJ., concur; DeBruler J. concurs in result.

NOTE.—Reported at 319 N.E.2d 130.