HENRY CARL PIEPER v. STATE OF INDIANA.

[No. 774S147. Filed January 3, 1975.
Rehearing denied February 26, 1975.]

*Ronald V. Aungst,* of Valparaiso, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

DeBruler, J.—Appellant, Henry Carl Pieper, was charged with sodomy, IC 1971, 35-1-89-1, being Burns § 10-4221, and kidnapping, IC 1971, 35-1-55-1, being Burns § 10-2901. He was found guilty of both charges after a trial by jury in the Lake Superior Court, Special Judge Nick Thiros presiding.

On December 13, 1973, the date set for sentencing, appellant's counsel filed a petition requesting the court to appoint three physicians to examine appellant and determine if he was a possible criminal sexual deviant. IC 1971, 35-11-3.1-3, being Burns § 9-4003 (1974 Supp.). The court sentenced appellant to two to fourteen years for sodomy and to life imprisonment for kidnapping and ordered the State and the defense to submit briefs with respect to the criminal sexual deviancy petition. On December 20th, the court ordered the sodomy sentence expunged from the record so that the court might appoint physicians to examine appellant. However, the court retained the life sentence for kidnapping and ordered that the commencement of the execution of the life sentence be temporarily abated, pending determination of possible criminal sexual deviancy. Appellant took exception to the court's ruling that the petition for sexual deviancy did not apply to the kidnapping sentence. The court noted the exception and overruled it.

On January 18, 1974, the court, having examined the reports of the physicians and finding that neither the State nor the defense had further evidence to present, found appellant to be a probable criminal sexual deviant. The court sentenced him to be committed to the Department of Mental Health [hereinafter the Department] for confinement to a state institution for observation, evaluation and diagnosis, for a period not to exceed 120 days.

On February 8th, appellant filed a motion to correct errors. On May 3rd, the court denied that motion. On the same day, the court found appellant to be a criminal sexual deviant, based on the April 3rd report of the supervisor of the Norman Beatty Hospital. The court ordered that appellant be committed to the Department to be confined in an appropriate institution for treatment. The court further ordered that, insofar as possible and practical, appellant be confined in the maximum security division of any institution to which he was assigned and that a detainer, indicating his life sentence for kidnapping, accompany him and take precedence over any orders of the Department in regard to week-end passes, overnight stays, etc. Finally, the court ordered that when the Department determined that appellant had sufficiently recovered from the criminal sexual deviancy to be released from treatment, he was to be transferred directly to the appropriate penal institution to begin serving the unexpired term of the life sentence for kidnapping. Under no circumstances was he to be released without prior approval of the court, unless he was transported directly to the penal institution to commence the life sentence.

On June 3rd, appellant filed a petition for leave to file a belated motion to correct errors. Leave to file was granted. This belated motion included errors related to the criminal sexual deviancy procedure, which could not be raised in his first motion to correct errors, because of the time requirement for filing. On June 20th, the court denied the motion, but

instructed appellant to include in his appeal to this Court the additional grounds relied on in his belated motion.

Two of the issues raised in appellant's brief were not argued in the brief, so that this Court must consider them waived. AP. 8.3 (A) (7). However, this appeal does present three basic issues: (1) whether the evidence was sufficient to support the jury's verdict on both counts; (2) whether the court erred in admitting evidence of a prior act of forced sodomy with another woman; (3) whether the court erred in refusing to find that the kidnapping was a part of the sexual offense for the purpose of treatment as a criminal sexual deviant.

The evidence was sufficient to support the jury's findings. The prosecuting witness testified that appellant forced her into his car and would not let her get out when she tried to open the door. Although this testimony was not corroborated and conflicting testimony was given, the jury could have credited the testimony of the prosecuting witness, and it adequately described the elements that the State must prove in a prosecution for kidnapping: a forcible carrying off of a person from a place within the state.

In regard to the sodomy conviction, appellant's primary claim is that, within the confines of his small foreign car, it would have been impossible to commit sodomy in the manner described by the prosecuting witness. The jury was presented with testimony of the car's dimensions. We do not believe the jury was mistaken as a matter of law in finding that the sodomy did take place.

Appellant next objects to the admission of testimony concerning a prior act of forced sodomy. A witness for the State testified that she was walking in the direction of her home about 7:00 a.m., April 8, 1973. Appellant honked and waved, and she waved back because she recognized him as a customer whom she had seen three or four times in the store where she worked. He stopped and offered her a ride, which she

accepted. He drove her toward her house but then continued about six houses beyond it and down a gravel drive. There, he talked to her and forced her to commit an act of oral sex. When a neighbor came out in his yard, appellant told the witness to get out of the car and leave.

In *Lamar* v. *State* (1964), 245 Ind. 104, 195 N.E.2d 98, we held that evidence of prior acts of sodomy was admissible in a prosecution for sodomy, because the evidence would lend support to the testimony of the prosecuting witness which otherwise might be disbelieved. In *Meeks* v. *State* (1968), 249 Ind. 659, 234 N.E.2d 629, we determined that evidence of prior sexual acts should not be admitted when the only issue was whether the woman had consented to what, without consent, would have been rape. However, the Court noted that evidence of prior similar acts was admissible in cases of assault with intent to commit rape and crimes involving a so-called depraved sexual instinct. In *Miller* v. *State* (1971), 256 Ind. 296, 268 N.E.2d 299, a prosecution for sodomy and rape, the court allowed a rebuttal witness to testify to an act of forced sodomy, which occurred nineteen days before the acts alleged by the prosecuting witness. And, in *Austin* v. *State* (1974), 262 Ind. 529, 319 N.E.2d 130, a witness was permitted to testify to acts of forced sodomy and rape on the morning of the sodomy and rape of the prosecuting witness. The trial court correctly followed these cases when it allowed into evidence the testimony of a prior act of sodomy.

In the present case, forty-five days intervened between the two acts. We have admitted evidence of prior acts of sodomy with another person because prior similar acts are believed to show a disposition to commit the kind of act charged, and there is a belief that this emotional disposition or passion will continue to the time of the act charged. *Bracey* v. *U.S.* (D. C. Cir., 1944), 142 F. 2d 85 (Dictum). (This was the only case cited in *Meeks* for the proposition that evidence of similar acts is admissible in crimes involving a depraved sexual instinct.) Generally, evidence of

prior specific acts is inadmissible in a trial for a separate act. However, this Court has made an exception for evidence of prior sexual acts which are considered unnatural, because the prosecuting witness is not likely to be believed since the evidence, "standing alone and entirely unconnected with anything which led to or brought it about, would appear . . . unnatural or improbable in itself." *State* v. *Robbins* (1943), 221 Ind. 125, 46 N.E.2d 691, 695, quoting *People* v. *Jenness* (1858), 5 Mich. 305, 323 (incest) ; *Lamar*, 245 Ind. at 109. Although the writer of this opinion does not believe that evidence of prior sexual acts should ever be admitted in a prosecution for another offense, if we are to follow the line of cases which this Court so recently re-affirmed in *Austin*, then an interval of forty-five days would not render the evidence irrelevant. The length of time between the two acts would only affect the weight the jury would assign to the evidence as a support for the prosecutrix's testimony.

Appellant's final argument is that the court erred in its decision that the petition for determination of criminal sexual deviancy did not include the kidnapping conviction. Throughout appellant's argument on this point, he contends that the trial court should have "combined" the sodomy and kidnapping convictions and that the trial court should have "incorporated" the kidnapping conviction with the sodomy conviction when making the determination of appellant's sexual deviancy. In this somewhat obscure argument, counsel admits that there are no appellate court decisions which support his argument and does not point to specific parts of the Criminal Sexual Deviancy Act, IC 1971, 35-11-3.1-1 through 35-11-3.1-37, being Burns §§ 9-4001 through 9-4037 (1974 Supp.), which in his opinion would compel the court to make this combination or incorporation. Appellant does argue that the evidence at trial would support the conclusion that the kidnapping and sodomy occurred within a period of one-half hour and that the kidnapping was effectuated for the purpose of committing the sodomous act, and he argues that separating the two charges

upon the determination of sexual deviancy is contrary to the legislative purpose of the entire Criminal Sexual Deviancy Act.

Two of the court's orders do appear to be arguably contrary to the legislative scheme. First, the trial court specifically ordered that appellant not be allowed to leave the mental facility during the treatment period without prior written approval from the court, while Burns §§ 9-4024 and 9-4025 expressly grant to the Indiana Department of Mental Health the sole authority to parole the sexual deviant under treatment and to extend the same privileges to him as are enjoyed by other patients. Second, in the event appellant was successfully treated for his sexual deviancy and was discharged pursuant to §§ 9-4030 through 9-4033, he was to be relieved of further confinement for the sodomy conviction, but would then be required to commence service of the unexpired term of his life sentence for kidnapping.

The validity of these two orders hinges upon the resolution of the issue of combination of the convictions, since, if the kidnapping conviction is properly not merged at the deviancy determination, it stands as a separate and independent judicial determination that appellant is highly dangerous, at the same point in time that he has been determined to be sexually deviant; and that independent determination would warrant the judicial incursion upon the discretion of the Department of Mental Health for the protection of the public. Certainly the statute does not proclaim otherwise, as it does not even consider circumstances such as these.

Appellant's implicit argument is that, if appellant should, as a result of his treatment, fully recover from his mental disorder, he should be relieved of further incarceration not only for the conviction of sodomy, but also for the conviction of kidnapping which was produced by the same mental disorder. While the result which appellant urges is certainly a reasonable one, we are bound to adhere to the result intended by the Legislature. Burns § 9-4003(a) establishes the basis

for the first switching of a convicted subject from the purely correctional track of the mental health treatment track. It provides:

"A petition may be made that a person be examined as a possible criminal sexual deviant after he has been convicted of and prior to sentencing for a sexual offense not excluded by the scope of this chapter."

It is the judgment of the Legislature that no one will be re-routed to the Department unless he first be *convicted* of a non-excluded *sexual offense*. However, after initial re-routing, in determining whether an alleged criminal sexual deviant should be committed for treatment, the trial court may make the determination that he is a criminal sexual deviant partly upon consideration of convictions for any "offense which directly involved the commission of an illegal sexual act." Burns § 9-4001 (a) defines the term "criminal sexual deviant":

"The term 'criminal sexual deviant' means any person over the age of sixteen years who has been convicted of a sexual offense or an offense which directly involved the commission of an illegal sexual act, and who is suffering from a mental disorder or defect which is coupled with a manifest tendency for the commission of sexual offenses, and has been determined to be treatable by the department of mental health."

If the criminal sexual deviant is determined to have successfully completed treatment, a petition for discharge is filed with the committing court. At that point:

"If the court discharges the criminal sexual deviant due to his recovery, it shall impose upon him no further sentence of incarceration for the crime of which he was convicted." Burns § 9-4033.

Appellant would have us construe the phrase, "the crime of which he was convicted," to include the kidnapping.

As we construe these provisions, the Legislature in § 9-4033 intended that the successfully treated criminal sexual deviant be relieved of further incarceration on the particular conviction which served to place him upon the criminal sexual deviant track only, in this case, the con-

viction for sodomy. The statute does not require the trial court at the discharge hearing to relieve the successfully treated criminal sexual deviant from further incarceration for other offenses, even though as here, they occurred at the same time as the sexual offense and were partly or wholly motivated by a desire to carry out a plan to commit a sexual offense. In applying the provisions of this statute in this manner, we would not be understood as expressing any opinion on the wisdom of the underlying policies which may have produced those provisions.

The judgment is affirmed, as are the orders made pursuant to the Criminal Sexual Deviancy Act.

Givan, C.J., Arterburn and Prentice, JJ., concur; Hunter, J., concurs in result.

NOTE.—Reported at 321 N.E.2d 196.