Leonard R. DANIELS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 879S215.

Supreme Court of Indiana.

Aug. 27, 1980.

Terry E. Johnston, Valparaiso, for appellant.

Theodore L. Sendak, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Leonard R. Daniels, was convicted by a jury of rape, a class B felony, Ind. Code § 35–42–4–1 (Burns 1979 Repl.); and confinement, a class D Felony, Ind. Code § 35–42–3–3 (Burns 1979 Repl.). He was sentenced to consecutive terms of twenty and four years respectively and now appeals raising the following issues:

1. Whether the trial court erred in admitting evidence of defendant's prior sex conviction and in giving a certain instruction pertaining to this conviction;

2. Whether the trial court erred in refusing to give defendant's tendered instruction No. 5;

3. Whether the method of selecting the jury panel was improper and unconstitutional; and

4. Whether the trial court erred in entering judgment on both convictions.

A summary of the facts from the record most favorable to the state shows that the alleged incident occurred on July 27, 1979, when the victim and her boyfriend were hitchhiking from Michigan to Colorado. Defendant stopped and picked them up at the intersection of I–94 and Indiana 51. Defendant told the victim's friend that he might be able to get him a job driving a U-Haul truck to Colorado. The three stopped at several stores in Lake Station, Indiana, ostensibly for the purpose of telephoning defendant's brother about this job. Finally, defendant dropped the victim's boyfriend off at one store and took the victim to what he referred to as his brother's house to obtain a credit card to purchase gasoline.

After some time, defendant took the victim to get something to eat and later took her to two bars. When the second bar closed, defendant drove the victim to an isolated spot on a country road and forced her to have intercourse. He then drove at random for some time and later stopped and forced her to perform fellatio. The victim screamed and cried and defendant finally let her out of the car because he said he was sick of her screaming. The victim ran to a nearby house and called for help.

Testimony at trial showed that none of defendant's brothers worked for the U-Haul company and that the house to which defendant took the victim was not his brother's house but was the former residence of his ex-wife's parents. Defendant took the stand in his own defense and stated that he never had sexual relations with the victim. He testified that after they left the second bar he sat in the car and talked with her and drove around a little in order to get her sobered up before he took her back to her boyfriend.

## I.

Defendant first contends that the trial court erred in admitting a certified copy of the judgment showing his prior conviction of the crime of rape and in giving to the jury an instruction regarding this conviction. We are first constrained to note that while evidence of prior crimes committed by an accused is generally inadmissible, there are exceptions to this rule recognized by Indiana courts. Evidence of prior crimes is admissible if it is relevant to some issue in the case, such as intent, motive, knowledge, plan, identity, or credibility. *Lawrence v. State*, (1972) 259 Ind. 306, 286 N.E.2d 830; *Kerlin v. State*, (1970) 255 Ind. 420, 265 N.E.2d 22. In trials for sex offenses, evidence of prior convictions for similar offenses has also been admitted as tending to show a depraved sexual instinct when sodomy or incest is charged. *Cobbs v. State*, (1975) 264 Ind. 60, 338 N.E.2d 632; *Austin v. State*, (1974) 262 Ind. 529, 319 N.E.2d 130.

██ It is well settled that prior criminal convictions of those crimes which would have rendered a witness incompetent (treason, murder, rape, arson, burglary, robbery, kidnapping, forgery and wilful and corrupt perjury) along with those involving dishonesty or false statements, are admissible to impeach a witness's credibility. *Beasley v. State*, (1977) 267 Ind. 396, 370 N.E.2d 360; *Ashton v. Anderson*, (1972) 258 Ind. 51, 279 N.E.2d 210. In the instant case, defendant's prior conviction for rape was properly admitted as evidence impeaching his credibility.

The copy of defendant's prior rape conviction was presented to the jury without any comment, but the trial court gave an instruction limiting the jury's use of this conviction as follows:

"There has been evidence introduced that the defendant, Leonard Daniels, has been convicted of the crime of rape and sentenced thereon. The defendant's conviction may be considered in determining his credibility and whether or not the defendant has a depraved sexual instinct. It should not be considered as evidence that he committed the charges contained herein."

Defendant now argues that the phrase "whether or not the defendant has a depraved sexual instinct" is erroneous because sodomy or incest was not charged. He also argues that this phrase was prejudicial, irrelevant, and violated his due process rights because it tended to shift the state's burden of proof.

██ While it is true that the language stating that the prior rape conviction could be considered to show a depraved sexual instinct was incorrect under the circumstances of this case where sodomy or incest had not been charged, this phrase was only part of an instruction which in all other respects correctly limited the jury's use of the prior conviction. It is well settled that instructions are to be considered with reference to each other and as an entirety, and error in a particular instruction will not justify a reversal unless the error is of such a nature that the whole charge of which it forms a part misleads the jury as to the law of the case. *Porter v. State*, (1979) Ind., 391 N.E.2d 801; *Ferrier v. State*, (1977) 266 Ind. 117, 361 N.E.2d 150.

██ In the instant case, the complained of instruction was a limiting instruction and the emphasis of the instruction was correct in stressing that the evidence of the prior rape conviction "should not be considered as evidence that [defendant] committed the charges contained herein." Looking at this instruction as an entirety along with other correct instructions on the presumption of innocence, the state's burden of proof and the definition of reasonable doubt, we cannot say that the one complained of phrase was of such a nature that it misled the jury as to the law of the case.

## II.

Defendant next alleges that the trial court erred in refusing to give his tendered instruction No. 5 covering the issue of proof beyond a reasonable doubt. The trial court gave the pattern instruction on reasonable doubt to the jury as its instruction No. 3. Defendant argues that this instruction does not cover the situation in his case where there are two conflicting theories of events.

He argues that while the first part of his instruction No. 5 was covered by the court's instruction on reasonable doubt, the third paragraph of his instruction was not covered. This paragraph stated, ". . . if two conclusions can reasonably be drawn from the evidence, one of innocence and one of guilt, you should adopt the former."

We find that the substance of this paragraph of defendant's instruction No. 5 was covered by another instruction. The court's instruction No. 4, which was originally the defendant's own tendered instruction No. 7, states:

"The Court instructs the members of the jury that in deciding whether the State has proved its case beyond a reasonable doubt, that a reasonable doubt may be raised by any of the following:

"A. Lack of evidence to prove an element of the crime or the identity of the person who committed the crime.

"B. Evidence or testimony which is not deemed credible by the jury.

"C. Conflicting or contradictory evidence or testimony which the jury cannot reconcile.

"If for any of the above reasons, the jury finds that a reasonable doubt exists, the jury must find the defendant not guilty."

Part C of this instruction clearly covers the situation where conflicting theories are presented and correctly states that where reasonable doubt exists under these circumstances, the jury must find defendant not guilty. The court is not bound to give an instruction, although it may be a correct statement of the law and applicable to the evidence, if the substance thereof is covered by instructions which are given. *Tolbert v. State*, (1979) Ind., 391 N.E.2d 823; *Davis v. State*, (1976) 265 Ind. 476, 355 N.E.2d 836. Defendant's tendered instruction No. 5 was unnecessary.

### III.

Defendant next argues that the selection of the panel of veniremen was unconstitutional in that exclusive use of property tax rolls resulted in an underrepresentation of persons in the category of eighteen to twenty-four years of age. Defendant orally challenged the jury panel on the first day of the trial, but this motion was denied without a hearing. There is no evidence in the record as to how the jury panel actually was chosen. After the trial, defendant made a motion to incorporate portions of other proceedings of the same trial court into the record in order to show the jury selection process used in Porter County. This motion was also denied. Defendant has failed to file affidavits or any other documentations to show what method was actually used in selecting the jury panel. Bare assertions of error not disclosed by the record are not available for review by this Court. *Brewer v. State*, (1979) Ind., 390 N.E.2d 648; *Morris v. State*, (1977) 266 Ind. 473, 364 N.E.2d 132.

Furthermore, this Court has held that the use of a list of property taxpayers which represented a reasonable cross-section of the county did not violate the rights of the accused, in the absence of a showing that the use of the list was a deliberate attempt to exclude certain groups from jury selection. *Morris v. State, supra; Taylor v. State*, (1973) 260 Ind. 264, 295 N.E.2d 600, *cert. denied* 414 U.S. 1012, 94 S.Ct. 377, 38 L.Ed.2d 250. We have consistently held that jury selection systems are required to draw prospective jurors from a fair cross-section of the community and the burden of demonstrating purposeful discrimination is on defendant. *Burr v. State*, (1980) Ind., 403 N.E.2d 343; *Holt v. State*, (1977) 266 Ind. 586, 365 N.E.2d 1209. Jurors need not be mathematically proportioned to the character of the community and there is no requirement that any particular class be represented on every jury. *Burr v. State, supra; Tewell v. State*, (1976) 264 Ind. 88, 339 N.E.2d 792. We find that no error was demonstrated on this issue.

### IV.

Defendant finally alleges that the trial court erred in entering judgments on both convictions because the confinement was a lesser included offense of the crime

of rape under the circumstances of this case. He argues that the sentences for both offenses impose double punishment for the same act and are therefore contrary to law. The proper test to be applied in this situation was clearly set out in *Elmore v. State*, (1978) Ind., 382 N.E.2d 893. There we held that the proper inquiry of the court is to focus on the elements of the two offenses. If each offense requires proof of an additional fact which the other does not, the test is satisfied. *Morris v. State*, (1980) Ind., 398 N.E.2d 1284; *Elmore v. State, supra; Blockburger v. United States*, (1932) 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306.

Although the offenses in this case spring from the same set of operative facts, this Court has held that the offenses of rape and kidnapping are separate and distinct as long as both are supported by evidence beyond a reasonable doubt. *Dragon v. State*, (1979) Ind., 383 N.E.2d 1046; *Tewell v. State*, (1976) 264 Ind. 88, 339 N.E.2d 792. The record in the instant case demonstrates that the confinement was in fact a separate offense since defendant drove the victim around on back country roads without her consent and she finally had to jump from the car and run to a nearby house for help. This evidence supports the conviction of confinement as an offense separate from that of rape. There was no error here.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.