**Paul E. BROWN, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 982S350.

Supreme Court of Indiana.

Feb. 10, 1984.

Glenn A. Grampp, Evansville, for appellant; Lopp, Lopp & Gramp, Evansville, of counsel.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Paul E. Brown, was convicted by a jury of three counts of rape, Class A felonies, Ind.Code § 35–42–4–1 (Burns 1979 Repl.) and two counts of criminal deviate conduct, Class A felonies, Ind. Code § 35–42–4–2 (Burns 1979 Repl.). He was sentenced to consecutive terms of thirty years each on Count I and Count II and concurrent terms of thirty years on each of the remaining three counts. Because of the erroneous admission of highly prejudicial testimony, we must reverse the judgment of the trial court and direct that a new trial be granted. We therefore deal with only two of the issues which defendant raises in this direct appeal:

1. Whether the trial court erred in permitting him to be tried upon all five counts when allegedly only two criminal offenses occurred; and

2. Whether the trial court erred in permitting two of the state's witnesses to testify about prior instances of forced sexual intercourse with defendant when there were no charges or convictions against defendant involving these occurrences.

A brief summary of the facts from the record shows that on December 24, 1981, the sixteen-year old victim stopped at a self-service gas station in Evansville, Indiana, at approximately 10:30 p.m. She was on her way to visit a friend before going to a midnight mass. At the service station she met defendant who was talking to the attendant. Defendant and the victim engaged in a brief conversation and then defendant invited her to accompany him to a party. The victim knew the service station attendant and thought that since he knew defendant, too, it would be safe to accept defendant's invitation. The victim left her car parked nearby and went with defendant in his truck.

Defendant drove around for a while and made several stops to buy liquor and marijuana. The victim became concerned that she would miss the midnight mass and requested defendant to return her to her car. Defendant claimed that it was not much farther and continued to drive until he reached the outskirts of Evansville and turned off the road into a cornfield. He stopped the truck and got out with the victim and started walking. The victim became suspicious and asked defendant to take her back. Defendant then ordered her to remove her clothes and threatened to kill her if she refused. He pushed her to the ground and raped her.

Defendant kept the victim's jeans and sweater when they returned to the truck. He told the victim he was out of gas and walked to the nearest house where he obtained about one-half gallon of gas, while the victim remained in the truck afraid to move. When defendant returned to the truck, he again forced the victim to have sexual intercourse and struck her in the face with his fist when she attempted to resist. He also performed cunnilingus and forced her to commit fellatio. Finally, he started the truck and turned around but then turned the motor off and forced the victim to have sexual intercourse a third time and commit fellatio again.

Defendant then permitted the victim to put on her clothes and he drove back to Evansville. During this trip he apologized to the victim and said he was sorry for what he had done. However, he ran out of gas again and called for help on his citizens band radio. Cletus Reynolds responded to the call and drove them to a gas station. When defendant got out of the car to buy gas, the victim told Reynolds what had happened. The victim then went inside the station and called the police, while Reynolds drove defendant back to his stalled truck where he was arrested. A hospital examination showed that the victim had sustained a bruised lip, abrasions on her face, and scratches on her back. Defendant admitted to the police that he had engaged in sexual intercourse with the victim but denied the use of force and said the victim had consented. A police officer testified that when defendant was arrested his shirt was heavily soiled and stained with what appeared to be blood.

## I.

■ Defendant first contends that the trial court erred in denying his Motion to Dismiss three of the five counts against him. He argues that only two distinct criminal offenses were alleged, those of rape and criminal deviate conduct. He further argues that since the evidence showed that the same two persons were involved in all of the complained of acts and that they all occurred as part of one transaction or course of events, the number of offenses charged could have no other effect than to inflame and prejudice the jury and deprive him of his constitutional right to a fair trial.

We do not agree with defendant's argument. It is well settled that a specific act of penetration of the vagina by the penis is a necessary element of the offense of rape and must be proved beyond a reasonable doubt. Ind.Code § 35–41–1–2 (Burns 1979 Repl.). *Holder v. State*, (1979) 272 Ind. 52, 396 N.E.2d 112. Likewise, each specific act of deviate sexual conduct involves "an act of sexual gratification involving a sex or-

gan of one person and the mouth or anus of another person." Ind.Code § 35–41–1–2 (Burns 1979 Repl.). Therefore each act of rape and each act of deviate sexual conduct requires proof of a specific fact which the others do not. This satisfies our standard for showing that double jeopardy provisions are not violated when a defendant is punished for several acts of rape and deviate sexual conduct committed upon the same victim. *Morris v. State*, (1980) 272 Ind. 452, 398 N.E.2d 1284.

■ When separate and distinct offenses occur, even when they are similar acts done many times to the same victim, they are chargeable individually as separate and distinct criminal conduct. This Court has clearly stated: "We do not approve any principle which exempts one from prosecution from all the crimes he commits because he sees fit to compound or multiply them. Such a principle would encourage the compounding and viciousness of the criminal acts." *Wilson v. State*, (1970) 253 Ind. 585, 592, 255 N.E.2d 817, 822. *See Geisleman v. State*, (1980) Ind., 410 N.E.2d 1293; *Tewell v. State*, (1976) 264 Ind. 88, 339 N.E.2d 792; *Hunter v. State*, (1977) 172 Ind.App. 397, 360 N.E.2d 588.

Although the offenses in this case arose from the same set of operative facts, the victim testified about three separate acts of rape which occurred at different times and places and at least two separate acts of deviate sexual conduct which also occurred at different times. Therefore, there was no error in the trial court's denial of defendant's Motion to Dismiss or in the information charging all five counts.

## II.

Defendant's second allegation of error is that the trial court erred in permitting two of the state's witnesses to testify about prior instances of forced sexual intercourse with defendant. One witness testified that in September of 1981, about three months prior to the instant crime, she agreed to give defendant a ride when he claimed his car ran out of gas. He then had her drive to a secluded area under the pretense that

his father lived in that area. Defendant raped her; however, he apologized after he finished. The other witness testified that she was raped by defendant in September of 1981, when he offered her a ride while she was walking home from the service station where she worked. Defendant also took this victim to a secluded area under false pretenses and then apologized to her when he took her home.

■ It is true that evidence of criminal activity other than that charged is inadmissible on the question of guilt. However, such evidence may be admitted to show intent, motive, purpose, identification, or common scheme or plan. *Henderson v. State*, (1980) Ind., 403 N.E.2d 1088; *Porter v. State*, (1979) 272 Ind. 267, 397 N.E.2d 269; *Lawrence v. State*, (1972) 259 Ind. 306, 286 N.E.2d 830. When marks common to charged and uncharged offenses set them apart from others of the same general variety, evidence of other crimes has been admitted on the issue of identity and common scheme or plan. *Washington v. State*, (1981) Ind., 422 N.E.2d 1218; *Gutierrez v. State*, (1979) 271 Ind. 639, 395 N.E.2d 218.

■ It is also true that prior criminal convictions of those crimes which would have rendered a witness incompetent (treason, murder, rape, arson, burglary, robbery, kidnapping, forgery, and wilful and corrupt perjury) along with those involving dishonesty or false statements, are admissible to impeach a witness's credibility. *Daniels v. State*, (1980) Ind., 408 N.E.2d 1244, 1246; *Beasley v. State*, (1977) 267 Ind. 396, 370 N.E.2d 360, *Ashton v. Anderson*, (1972) 258 Ind. 51, 279 N.E.2d 210. However, the prior acts of rape to which the witnesses testified in this case were not admissible for impeachment since there were no convictions for these acts.

Under the theory of proving identity or a common scheme or plan this Court has specifically held that in trials for sex offenses, evidence of prior convictions for similar offenses is admissible as tending to show a depraved sexual instinct when sodomy or incest is charged. *Daniels v. State*,

408 N.E.2d at 1246; *Cobbs v. State*, (1975) 264 Ind. 60, 338 N.E.2d 632; *Austin v. State*, (1974) 262 Ind. 529, 319 N.E.2d 130, *cert. denied*, (1975) 421 U.S. 1012, 95 S.Ct. 2417, 44 L.Ed.2d 680; *Gilman v. State*, (1972) 258 Ind. 556, 282 N.E.2d 816.

■ However, in rape cases where the act charged has been proved or admitted, the defendant has interposed a defense of consent, and the only issue is the consent of the prosecutrix, evidence of prior rapes is not admissible. *Miller v. State*, (1982) Ind., 436 N.E.2d 1113; *Austin v. State*, 262 Ind. at 531, 319 N.E.2d at 132; *Duvose v. State*, (1971) 257 Ind. 450, 275 N.E.2d 536; *Kerlin v. State*, (1970) 255 Ind. 420, 265 N.E.2d 22; *Meeks v. State*, (1968) 249 Ind. 659, 234 N.E.2d 629. The provenance of this rule can be found in a case from the Fourth Circuit, *Lovely v. United States*, (1948 4th Cir.) 169 F.2d 386, where the court held that the fact that one woman was raped had no tendency to prove that another woman did not consent.

■ In this case, where defendant did impose the defense of consent and admitted that the acts did occur, evidence of the other alleged rapes was not relevant to any issue before the jury. The prior alleged acts of rape could have no common scheme or plan with an alleged consensual relationship. The witnesses' testimony had no other purpose than tarnishing defendant's image in a case that hinged entirely upon his credibility. It is apparent that the improper evidence greatly prejudiced defendant and his conviction cannot be permitted to stand.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.