**Jerry Leland HALL,
Defendant-Appellant**

**v.**

**STATE of Indiana, Plaintiff-Appellee.**

**No. 36A01–8612–CR–316.**

Court of Appeals of Indiana,
First District.

Feb. 23, 1987.

Stephen D. Doboze, Seymour, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Defendant-appellant, Jerry Leland Hall (Hall), was convicted by a Jackson Circuit Court jury of rape under IND. CODE 35–42–4–1(a)(3), a Class B felony, and child molesting under IND. CODE 35–42–4–3, a Class D felony. From concurrent sentences of eight years and two years, respectively, he appeals.

We affirm.

### STATEMENT OF THE FACTS

The evidence most favorable to support the verdict is as follows. The victim, H.J.L., born on June 30, 1968, was a special education student from the time of her entry into school. In 1983, the school administered a Peabody Individual Achievement Test to her which placed her at about a second-grade level. The special education teacher classified her at the lower end of the category of mildly mentally

handicapped and communication handicapped. She had a limited vocabulary and a speech impediment. Her grandmother described her as deficient in remembering duties. H.J.L. is capable of menial housework, cooking simple things under supervision (e.g., boiling eggs, making toast), bathing and dressing herself, and bathing, dressing, and feeding, under her grandmother's supervision, a baby born as a result of events hereinafter related. Additionally, H.J.L. had a paper route of 40 customers, but after she brought home the money, her grandmother had to help her count it and settle her account. H.J.L. also ran errands for her grandmother. As a result of training by her grandmother, school, and television educational programs, H.J.L. understood sex, including how children are conceived, born, and the like. She was oriented in her environment and capable of relating ordinary events.

At some time between June 10 and June 14, 1983, when H.J.L., then age 14 and in the seventh grade,. was finishing the delivery of the papers on her route, she passed an antique store, of sorts, called Flo's Shop, operated by Hall, then age 37, whom she knew. Hall detained her, and then roughly pulled her off her bicycle and shoved her into his store. He pushed her to the floor while he locked the door, and then he pushed her up the stairway to rooms above the store. There he disrobed her and himself, and shoved her to the floor. Thereupon, he got on top of her and engaged in sexual intercourse, after which they both dressed and left. At this juncture, he cautioned her not to tell. H.J.L. became pregnant from that event. The pregnancy was discovered on December 5 and she delivered a child on February 4, 1984. The attending physician testified that, in her opinion, conception occurred in the first week of June, give or take five days. Some time after the first incident, Hall took H.J.L. for a ride in his truck and again attempted sexual relations with her. The State presented evidence that, also in June 1983, Hall attempted to fondle a twelve-year-old girl at a skating rink.

Hall was charged with and convicted of rape, by knowingly having sexual intercourse with H.J.L., who was so mentally disabled or deficient that she could not consent. He was also charged with and convicted of child molesting.

## ISSUES

Hall presents four issues for review, as follows:

I. Whether the jury's verdict of rape . is supported by sufficient evidence upon the necessary element of penetration.

II. Whether the jury's verdict of rape is contrary to the evidence at trial with respect to H.J.L.'s mental disability or deficiency affecting her ability to consent.

III. Whether the trial court erred in allowing into evidence the testimony of H.J.L. of other sexual conduct between her and Hall under IND. CODE 35–37–4–4, commonly referred to as the Rape Shield Law.

IV. Whether the trial court erred in allowing into evidence the testimony of witness J.D. of sexual conduct between J.D. and Hall under IND. CODE 35–37–4–4.

## DISCUSSION AND DECISION

ISSUE I: *Penetration*

 Hall claims that the State presented no evidence of penetration. It is well established that evidence of the slightest degree of penetration of the female sex organ by the male sex organ is sufficient to sustain a rape conviction, and such penetration can be inferred from circumstantial evidence. *Brown v. State* (1982), Ind., 442 N.E.2d 1109. Here, H.J.L. testified that, while on top of her, Hall stuck something in her sex organ and she could feel it up inside her body. Later, a white substance emitted from her sex organ and could be seen on her underwear. H.J.L. became pregnant from that act. Such evidence, together with the evidence related in the Statement of Facts, is sufficient evidence of penetration to support the conviction.

ISSUE II: *Consent*

█ The count of rape upon which Hall was convicted was charged under IND. CODE 35–42–4–1(a)(3), which provides:

"A person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when the other person is so mentally disabled or deficient that consent to sexual intercourse cannot be given; commits rape, a Class B felony...."

Hall argues that H.J.L. was not so mentally deficient that she could not legally consent. In *Stafford v. State* (1983), Ind. App., 455 N.E.2d 402, *trans. denied,* the court held that there was sufficient evidence from which the trier could find a mental deficiency preventing consent, where the victim's mental condition was very similar to that of H.J.L. In *Stafford* the victim was described as moderately retarded; she could do menial chores, understood sex and where babies came from, knew right from wrong, and had a mental age of six or seven years. The question of mental deficiency was a question of fact to be decided by the trier, who is in the position to observe her and hear her testify. We find no error.

ISSUES III and IV: *Rape Shield Statute*

█ Hall, in these two issues, seeks to apply the rape shield statute to himself, to bar the admission of evidence of his other sexual actions with H.J.L., as well as the testimony of a 12–year-old girl Hall tried to fondle at a skating rink. The rape shield statute is IND.CODE 35–37–4–4. That question, raised here, was disposed of in *Brackens v. State* (1984), Ind., 480 N.E.2d 536. In *Brackens,* also a child molesting case, the defendant objected to evidence of his past sexual relations with the victim. The supreme court stated:

"Defendant claims that the trial court committed reversible error when it allowed the State to present evidence of his past sexual conduct with the victim. He argues that the introduction of this evidence violated the rape shield statute, see Ind.Code 35–37–4–4 (Burns 1984 Cum.Supp.), and that such evidence was unduly prejudicial and inflammatory.

First, although certain language in the rape shield statute might be construed as preventing the State from introducing evidence of the victim's sexual history with *anyone* prior to the crime charged, the statute's purpose obviously is to protect victims of these crimes, not the accuseds. Accordingly, our courts have held that the rape shield statute, with very narrow exceptions, prevents introduction of evidence of the victim's sexual history with persons *other* than the defendant, and that evidence of the defendant's prior sexual conduct with the victim is otherwise subject to our well-established commonlaw rules of evidence. *See Forrester v. State* (1982), Ind., 440 N.E.2d 475, 479; *Knisley v. State* (1985), Ind.App., 474 N.E.2d 513, 515 (*trans. denied*).

The evidence of Defendant's prior sexual abuse of the victim here was admissible under the 'depraved sexual instinct' rule established by our courts. Although evidence of a defendant's past misconduct generally is inadmissible to establish guilt of the crime charged, evidence of past acts involving or showing a depraved sexual instinct are admissible to establish that a defendant committed a sex crime, and the trial court committed no error in admitting such evidence in this case. [Citations omitted.]"

480 N.E.2d at 539.

Also, in *Guenther v. State* (1986), Ind. App., 495 N.E.2d 788, the court held that in a prosecution of child molesting, involving a 15–year-old victim, evidence of prior unrelated acts of child molestation are admissible in the State's case-in-chief under the depraved sexual instinct rule.

Argument is made here that only prior acts are admissible and the acts involved here were subsequent acts. Though this argument is waived by failure to raise it at trial and in the motion to correct error, we will address it. Hall cites no authority to support that position except that the cases usually are concerned with and use the expression "prior acts"; none of the cases prohibit evidence of subsequent acts. Indiana cases exist that permit such evi-

dence. In *Austin v. State* (1974), 262 Ind. 529, 319 N.E.2d 130, *cert. denied,* 421 U.S. 1012, 95 S.Ct. 2417, 44 L.Ed.2d 680 (1974), the court stated:

> "It has been held, however, that the above rule does not apply where the chief element of the offense is illicit intercourse between the sexes, and that such evidence of prior and *subsequent acts* is admissible subject to exclusion in the discretion of the trial court for remoteness. *State v. Robbins* (1943), 221 Ind. 125, 46 N.E.2d 691." (Emphasis added.)

*Id.* at 530–1, 319 N.E.2d at 132.

*State v. Robbins,* cited in *Austin,* enlarges upon that statement:

> "Heretofore the Indiana cases, with one exception, seem only to have been concerned with the admissibility of evidence of similar offenses occurring prior to the date of the offense charged in the indictment. Why should not subsequent acts, not too remote, also be admitted? Judge Wanamaker in [*State v. Reineke* (1914), 89 Ohio St. 390, 397, 106 N.E. 52–54], seems to have the logical answer, as follows:
>
> > 'We believe that there is a misapprehension here of the real purpose of admitting this kind of evidence. Its relevancy is to get before the court and jury the sexual relations of the parties covering the date of the indictment. If the sexual relations of the parties at the time of the indictment be a proper question, then certainly their relation for a reasonable time before, as well as a reasonable time thereafter, is equally competent, notwithstanding the fact that the prior acts may have more probative force and effect than the subsequent acts; but this all goes only to the weight of the evidence and not to its competency.'"

221 Ind. at 138, 46 N.E.2d at 696.

Those cases permit evidence of subsequent acts. Remoteness is the only question.

Here, a 37–year-old man had sexual relations with a retarded 14–year-old paper carrier, got her pregnant, and attempted to have sexual relations with her on a subsequent occasion. In and about the same period of time, he attempted to fondle a 12–year-old girl at a skating rink. We have no difficulty in finding that such acts constituted depraved sexual instincts, and under the authorities cited, these other acts were properly admitted.

For the above reasons, this cause is affirmed.

Judgment affirmed.

RATLIFF, C.J., and CONOVER, P.J., concur.