I respectfully dissent.
In my dissent in Hall v. State, 539 So.2d 1338 (Miss. 1989), I paid my respects to the usurpation by this Court in telling the Legislature it has no authority to pass an evidentiary statute of the nature of Miss. Code Ann. § 13-1-401, et seq. I continue to dissent to the majority doing so in this case.
The majority, after telling the Legislature how "we appreciate" their attention to this "special evidentiary problem" and "applaud such spirit of cooperation between the Legislature and Judicial branches," proceeds to slap them in the face by telling this branch of our government that any statute or law it enacts dealing with evidence will have no force or validity whatever. Such hypocritical statements will surely be resented. I cannot accept what in my view is usurpation of authority by this Court.
Neither has the majority made an examination of cases nationwide as to whether or not in the prosecution of sex cases of this nature evidence of similar crimes committed upon others is admissible. That is also unfortunate. The overwhelming weight of authority is that in the unusual context of cases of this nature such evidence is admissible. The authorities are exhaustively annotated in 77 A.L.R.2d 841 — 908 (1958 and Supp. 1986); see, Lingerfelt v. State, 147 Ga. App. 371,249 S.E.2d 100 (1978); Grey v. State, 273 Ind. 439, 404 N.E.2d 1348
(1980); *Page 1375 McKinney v. State, 505 S.W.2d 536 (Tex.Crim. 1974); People v.Jackson, 110 Cal.App.3d 560, 167 Cal.Rptr. 915 (1st Dist. 1980); People v. Crespin, 631 P.2d 1144 (Colo. App. 1980);McGahee v. Massey, 667 F.2d 1357 (11th Cir. 1982); People v.DiGiacomo 71 Ill. App.3d 56, 27 Ill.Dec. 232, 388 N.E.2d 1281
(1979); Austin v. State, 262 Ind. 529, 319 N.E.2d 130, cert.den. 421 U.S. 1012, 95 S.Ct. 2417, 44 L.Ed.2d 680, not followingMeeks v. State, 249 Ind. 659, 234 N.E.2d 629 (1968); Porter v.State, 272 Ind. 267, 397 N.E.2d 269 (1979); People v. Clark,62 Mich. App. 740, 233 N.W.2d 856 (1975); State v. Gatlin,295 N.W.2d 538 (Minn. 1980); State v. Reinke, 343 N.W.2d 660 (Minn. 1984); Hough v. State, 70 Wis.2d 807, 235 N.W.2d 534 (1975);Howton v. State, 391 So.2d 147 (Ala. App. 1980); People v.Greene, 34 Cal.App.3d 622, 110 Cal.Rptr. 160 (1st Dist. 1973);State v. Evans, 212 Neb. 476, 323 N.W.2d 106 (1982); State v.Burchfield, 664 S.W.2d 284 (Tenn. 1984); People v. Hammer,98 Mich. App. 471, 296 N.W.2d 283 (1980); State v. Sutton,4 N.C. App. 664, 167 S.E.2d 499 (1969); Bissell v. State,157 Ga. App. 711, 278 S.E.2d 415 (1981); Estes v. State, 244 Ind. 691,195 N.E.2d 471 (1964); Kerlin v. State, 255 Ind. 420, 265 N.E.2d 22
(1970); Gilman v. State, 258 Ind. 556, 282 N.E.2d 816 (1972);Pieper v. State, 262 Ind. 580, 321 N.E.2d 196 (1975); Bowen v.State, 263 Ind. 558, 334 N.E.2d 691 (1975); State v. Carignan,272 N.W.2d 748 (Minn. 1978); State v. Griffin, 497 S.W.2d 133
(Mo. 1973); State v. Young, 661 S.W.2d 637 (Mo. 1984) (citing annotation); Willett v. State, 94 Nev. 620, 584 P.2d 684
(1978); People v. Chandley, 89 A.D.2d 740, 453 N.Y.S.2d 919 (1982); State v. Gardner, 59 Ohio St.2d 14, 13 Ohio Ops.3d 8,391 N.E.2d 337 (1979); Commonwealth v. Booth, 291 Pa. Super. 278, 435 A.2d 1220 (1981); Johnston v. State, 418 S.W.2d 522
(Tex.Crim. 1967); O'Neal v. State, 421 S.W.2d 391 (Tex.Crim. 1967); McDonald v. State, 513 S.W.2d 44 (Tex.Crim. 1974);State v. Yates, 220 Kan. 635, 556 P.2d 176 (1976).