Brian K. COLLINS, Defendant–
Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 87S05–9910–CR–508.

Supreme Court of Indiana.

Oct. 1, 1999.

Frank R. Hahn, Newburgh, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary L. Borek, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

ON PETITION TO TRANSFER

DICKSON, J.

The defendant-appellant, Brian K. Collins, was convicted of rape as a class B felony[1] and two counts of criminal deviate conduct as class B felonies.[2] The trial court imposed an aggregate sentence of sixty years, consisting of consecutive twenty-year sentences on each count. The Court of Appeals affirmed in a memorandum decision.

In light of today's decision in *Richardson v. State,* 717 N.E.2d 32 (Ind.1999), and because the defendant has argued in this appeal that the Indiana Double Jeopardy Clause applies independently of and in addition to federal double jeopardy jurisprudence, we now grant transfer to address his claim that the two convictions for criminal deviate conduct violate the Double Jeopardy Clause of the Indiana Constitution. As to other issues raised, we summarily affirm the Court of Appeals. Ind. Appellate Rule 11(B)(3).

To determine whether two challenged convictions are the "same offense" in violation of Article I, Section 14 of the Indiana Constitution, we evaluate whether, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Richardson,* 717 N.E.2d at 49. The first aspect of this analysis is the statutory elements test, which identifies and compares the essential statutory elements of the challenged crimes to determine if each offense contains at least one element separate and distinct from the other. *Id.* at 50.

The specifications in the charging information for each of the two counts of criminal deviate conduct differ only in the description of the alleged sexual act. One count alleges a compelled act of oral sex, and the other charges a compelled act of anal sex. The applicable statute, in pertinent part, provides:

> A person who knowingly or intentionally causes another person to perform or submit to deviate sexual conduct when ... the other person is compelled by force or imminent threat of force ... commits criminal deviate conduct, a Class B felony. However, the offense is a Class A felony ... if it is committed while armed with a deadly weapon....

IND.CODE § 35–42–4–2. The phrase "deviate sexual conduct," relevant to the crimes charged in this case, "means an act involving: (1) a sex organ of one person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object." IND.CODE § 35–41–1–9 (1993).

Challenging his convictions on separate counts of criminal deviate conduct by compelled oral sex and criminal deviate conduct by compelled anal sex, the defendant contends that the legislature "did not define these [two] components as separate crimes, but as components of the single offense of '[deviate] sexual conduct.'" Brief of Appellant at 12. The defendant urges that, because there was thus only a single statutory offense committed, his two convictions constitute double jeopardy.

**1.** IND.CODE § 35–42–4–1 (1993).

**2.** IND.CODE § 35–42–4–2 (1993).

■ We decline to adopt the defendant's interpretation of the statutory provisions defining the crime of criminal deviate conduct and the phrase "deviate sexual conduct." The challenged provisions define multiple sets of essential elements, and each set describes a separate offense of criminal deviate conduct. When separate and distinct criminal deviate conduct crimes occur, "even when they are very similar acts done many times to the same victim, they are chargeable individually as separate and distinct criminal conduct." *Brown v. State*, 459 N.E.2d 376, 378 (Ind. 1984).

The essential statutory elements of one of the two counts of deviate sexual conduct are that the defendant knowingly caused his victim to perform an act of oral sex. The essential statutory elements of the other count are that the defendant knowingly caused the victim to submit to an act of anal sex. Each of the two counts thus contains at least one essential element separate and distinct from the other. For this reason, the two statutory offenses are not the same offense. We find no violation of the Indiana Double Jeopardy Clause shown by application of the statutory elements test.

■ The defendant's argument that his conduct constituted only one continuous sexual assault, rather than separate crimes, also invites application of the actual evidence test, a second method for evaluating "same offense" for purposes of the Indiana Double Jeopardy Clause. Under this test, the actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts. *Richardson*, 717 N.E.2d at 53. A defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of the second challenged offense. *Id.* at 53.

The defendant asserts that there was only one continuous sexual assault and that, "[o]nce the assault began, Collins only paused to reposition his victim before continuing." Brief of Appellant at 6. He argues that "[t]he act of deviancy occurred in one uninterrupted assault," Brief of Appellant at 8, and that the behaviors resulting in the two convictions were merely "two manifestations of the same act of deviance," Brief of Appellant at 11.

Distinguishing separate crimes is often difficult, particularly in cases of sexual assault. In *Brown*, this Court treated two separate acts of criminal deviate conduct as separate crimes, emphasizing:

> We do not approve any principle which exempts one from prosecution from all the crimes he commits because he sees fit to compound or multiply them. Such a principle would encourage the compounding and viciousness of the criminal acts.

*Brown*, 459 N.E.2d at 378 (citations omitted). Other cases have treated claims of multiple criminal sexual activities as a single act. *See, e.g., Watkins v. State*, 575 N.E.2d 624, 625 (Ind.1991) (finding the acts were "committed within moments of each other as part of one incident"); *Bowling v. State*, 560 N.E.2d 658, 660 (Ind. 1990) (finding "the same injurious consequences sustained by the same victim during a single confrontation"); *Ellis v. State*, 528 N.E.2d 60, 61 (1988) (finding child molesting and incest were based "upon the identical incident").

The resolution of such claims is extremely fact-sensitive and is properly resolved by determining whether the challenged offenses are the "same offense" under the actual evidence test of the Indiana Double Jeopardy Clause. In the present case, separate evidentiary facts were clearly used to establish the compelled oral sex and then compelled anal sex. When the thirteen-year-old victim tried to escape, the defendant pulled her back by the hair, pushed her down, removed her clothes, and then engaged in

vaginal intercourse; he then forced his penis into her mouth and thereafter once again penetrated her vaginally; and then he had anal intercourse with her. We find that there is no reasonable possibility that the evidentiary facts used by the jury to establish the essential elements of criminal deviate conduct by compelled oral intercourse were also used to establish the essential elements of criminal deviate conduct by compelled anal intercourse. We find no violation of the Indiana Double Jeopardy Clause shown by application of the actual evidence test.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, J., concur. BOEHM, J., concurs in result with separate opinion in which SELBY, J., concurs.

BOEHM, Justice, concurring in result.

I agree that Collins' two convictions for criminal deviate conduct are permissible. However, for the reasons explained in my concurring opinion in *Richardson v. State*, 717 N.E.2d 32, 57 (Ind.1999), I base my conclusion on the common law rule of *Thompson v. State*, 259 Ind. 587, 592, 290 N.E.2d 724, 727 (1972), which requires the facts giving rise to the offenses be "independently supportable, separate and distinct." Here there were two distinct acts, each a violation of Indiana Code· § 35–42–4–2 as "criminal deviate conduct" is defined by Indiana Code § 35–41–1–9. Because the charging instrument properly identified each violation, the convictions are proper.

SELBY, J., concurs.