# FOR PUBLICATION



FILED

Jun 04 2013, 8:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KAREN CELESTINO-HORSEMAN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CESAR CHAVEZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1211-CR-892 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause No. 49G05-1201-FC-1680

**June 4, 2013**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Cesar Chavez appeals his five convictions for child molesting, each as a Class C felony. Chavez raises two issues for our review, which we reorder and state as follows:

1.  Whether the State's five counts against Chavez were in violation of the continuing crime doctrine.

2.  Whether the State's charging information, which stated five identically worded counts against Chavez, denied Chavez due process.

We affirm in part, reverse in part, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On January 6, 2012, E.M.R., Chavez's wife, babysat eight-year-old K.W. and others at Chavez's home. At some point, Chavez and K.W. were alone in a computer room. Chavez kissed K.W. on the mouth and inserted his tongue into her mouth. While kissing her, Chavez put his hand underneath K.W.'s shirt and rubbed her nipple. Chavez also held his hand on K.W.'s buttocks. K.W. then left the room.

K.W. later returned to the room. Chavez again kissed K.W. and inserted his tongue into her mouth. While kissing her this time, Chavez placed his hand, over K.W.'s clothes, on her vagina. Chavez told K.W. to keep the occurrences a secret, and K.W. feared Chavez would harm her if she told anyone.

That evening, K.W. told her mother what had happened. K.W.'s mother called the police, and Chavez was arrested.

On January 10, the State charged Chavez with five counts of child molesting, each as a Class C felony. Each count was identically worded and stated as follows:

Cesar Chavez, on or about January 6, 2012, did perform or submit to any fondling or touching with K.W., a child who was then under the age of fourteen (14) years, that is: eight (8) years of age, with intent to arouse or satisfy the sexual desires of K.W. and/or the sexual desires of Cesar Chavez.

Appellant's App. at 23-24.

The court held Chavez's jury trial on September 27. Chavez testified in his own defense and acknowledged that he had kissed K.W., albeit accidentally, but he denied inappropriately touching her. During the State's closing argument, the prosecutor stated:

Chavez is charged with [five] separate counts of child molest[] because there were [five] separate instances of touching with fondling committed by the defendant that day[,] which I will go over with you in detail.

* * *

[Y]ou heard [K.W.] describe [five] separate instances of touching and fondling that day, at the defendant's house, that constitutes the basis [sic] for the [five] different counts. And let's go over those. The first kiss was the defendant's tongue in her mouth, and she said that while that kiss was going on is when he had reached up under her shirt and touched her nipple . . . , that would be the second count. And the third count is during that same kiss when he was touching her on the butt over the clothes . . . . The fourth instance was he kissed her again, and she said again it was with his tongue in her mouth. And she said that on that occasion he also touched her on what she called her pee pee, her vaginal area, and that would be number [five]. Those are your [five] different instances of fondling and touching.

Transcript at 144, 150-51. The jury found Chavez guilty as charged, and the trial court ordered Chavez to serve an aggregate term of four years in the Department of Correction. This appeal ensued.

3

## DISCUSSION AND DECISION

### Issue One:  Continuing Crime Doctrine

Chavez contends that the State was not permitted to charge him with five counts of child molesting and, instead, his acts were one chargeable crime under the continuing crime doctrine.  "The continuing crime doctrine essentially provides that actions that are sufficient in themselves to constitute separate criminal offenses may be so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction."  Riehle v. State, 823 N.E.2d 287, 296 (Ind. Ct. App. 2005), trans. denied.  "[T]he continuing crime doctrine reflects a category of Indiana's prohibition against double jeopardy."  Walker v. State, 932 N.E.2d 733, 736 (Ind. Ct. App. 2010). As we have explained:

> The statutory elements and actual evidence tests [of double jeopardy, as described in Richardson v. State, 717 N.E.2d 32 (Ind. 1999),] are designed to assist courts in determining whether two separate[ly] chargeable crimes amount to the "same offense" for double jeopardy purposes.  The continuous crime doctrine does not seek to reconcile the double jeopardy implications of two distinct[,] chargeable crimes; rather, it defines those instances where a defendant's conduct amounts only to a single[,] chargeable crime.  In doing so, the continuous crime doctrine prevents the state from charging a defendant twice for the same continuous offense.

Boyd v. State, 766 N.E.2d 396, 400 (Ind. Ct. App. 2002) (emphasis original).  That is, "while Indiana's double jeopardy clause prohibits convicting a defendant of two or more distinct[,] chargeable crimes when they constitute the 'same offense' . . . , it also prohibits" charging a defendant "multiple times for the same continuous offense." Walker, 932 N.E.2d at 736-37.  Although Chavez did not object on these grounds in the trial court, the issue is not waived because, as a category of Indiana's prohibition against

4

double jeopardy, a violation, if shown, would constitute fundamental error.  See Cossel v. State, 675 N.E.2d 355, 362 (Ind. Ct. App. 1996).

On appeal, the State defends its five charges by analogizing the facts of this case to those in Collins v. State, 717 N.E.2d 108 (Ind. 1999), and Brown v. State, 459 N.E.2d 376 (Ind. 1984).  In Collins, the court discussed two convictions for criminal deviate conduct, one based on oral intercourse and one based on anal intercourse.  717 N.E.2d at 110-11.  Similarly, in Brown the court discussed multiple convictions for rape and criminal deviate conduct, which "occurred at different times."  459 N.E.2d at 378.  In both cases the court was concerned with whether the State had violated the defendant's double jeopardy rights when it had obtained multiple convictions for separately chargeable crimes.  Collins, 717 N.E.2d at 110-11; Brown, 459 N.E.2d at 378.  But that is not the issue Chavez presents.  Rather, Chavez asserts that his actions did not amount to five separately chargeable offenses but were only a single, chargeable crime.  See Boyd, 766 N.E.2d at 400 (rejecting the State's argument that the "double jeopardy analysis [announced in Richardson] render[ed] the 'continuing crime doctrine' obsolete").

The continuing crime doctrine requires a fact-sensitive analysis.  For example, in Firestone v. State, 838 N.E.2d 468, 470 (Ind. Ct. App. 2005), the defendant "forced his penis inside [his victim's] vagina."  He then forced her to perform oral sex on him.  The State charged the defendant with rape and criminal deviate conduct, and the jury found him guilty of both counts.  On appeal, he argued that the two events were so closely related that they should have been charged as one offense under the continuing crime doctrine.  We disagreed and held that the defendant "clearly committed two different

5

offenses at two different times" and that "[t]he continuity of the actions does not negate the fact that they were completely different sexual acts committed at different times." Id. at 472.

However, in Duvall v. State, 978 N.E.2d 417, 428 (Ind. Ct. App. 2012), trans. denied, we reversed several of the defendant's convictions under the continuing crime doctrine. Specifically, we stated that the defendant's six "convictions for Insurance Fraud stem[med] from six false statements given in a single insurance investigation interview . . . ." Id. Further, "[h]er three convictions for Obstruction of Justice stem[med] from a single crime scene clean-up (in which she removed an alcohol bottle, medication container, and foam from [the decedent's] mouth) . . . ." Id. We held that the defendant's conduct "was continuous so as to constitute one offense of Insurance Fraud and one offense of Obstruction of Justice." Id.

The facts of this case share similarities with both Duvall and Firestone, and we hold that Chavez committed two chargeable acts of child molesting on January 6, 2012, not five. During his first encounter with K.W. that day, he kissed her on the mouth and inserted his tongue into her mouth. While kissing her, he put his hand underneath her shirt and rubbed her nipple, and he held his hand on her buttocks. Those three acts were "so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction." Riehle, 823 N.E.2d at 296; see Duvall, 978 N.E.2d at 428. Accordingly, we affirm Chavez's conviction on Count I but we reverse and remand with instructions that the trial court vacate Chavez's convictions on Count II and Count III.

6

Later that same day, Chavez again engaged K.W. This encounter clearly occurred at a different time from the first encounter and is, therefore, separately chargeable. See Firestone, 838 N.E.2d at 472. During this second encounter, Chavez again kissed K.W. and inserted his tongue into her mouth. While kissing her, Chavez placed his hand, over K.W.'s clothes, on her vagina. Those two acts "constitute a single transaction." See Duvall, 978 N.E.2d at 428. Thus, we affirm Chavez's conviction on Count IV but we reverse and remand with instructions to vacate his conviction on Count V.

### Issue Two: Identically Worded Charges

Chavez also asserts that the State's five "carbon-copy counts . . . failed to provide any specific factual details to differentiate the counts" and, as such, the charging information failed to place him on proper notice of the factual basis for the State's allegations against him. Appellant's Br. at 7. But we agree with the State that Chavez has not preserved this issue for our review. "'The proper method to challenge deficiencies in a charging information is to file a motion to dismiss the information, no later than twenty days before the omnibus date.'" Leggs v. State, 966 N.E.2d 204, 207 (Ind. Ct. App. 2012) (quoting Miller v. State, 634 N.E.2d 57, 60 (Ind. Ct. App. 1994)). Chavez did not file such a motion.

Neither does Chavez's argument on appeal demonstrate fundamental error. "'Failure to timely challenge . . . ordinarily would result in waiver of the issues, unless the omission was so prejudicial to [the defendant's] rights that fundamental error resulted.'" Id. (quoting Miller, 634 N.E.2d at 60). "For error in a charging information to be fundamental, 'it must mislead the defendant or fail to give him notice of the charges

7

against him so that he is unable to prepare a defense to the accusation.'" Id. (quoting Miller, 634 N.E.2d at 61).

Chavez was not unable to prepare a defense to the State's allegations. Indeed, he testified in his own defense, and his testimony shows that he plainly understood the State's allegations against him and was able to prepare his defense accordingly. See Wine v. State, 637 N.E.2d 1369, 1374 (Ind. Ct. App. 1994) (holding there was no fundamental error where the defendant did not demonstrate his defense was impeded by the inadequacy of the charging information), trans. denied. And insofar as Chavez's argument here is based on double jeopardy concerns, we addressed those concerns in Issue One. Thus, Chavez cannot demonstrate fundamental error in the charging information.

**Conclusion**

In sum, we hold that the State's five counts for child molesting were in violation of the continuing crime doctrine. Applying that doctrine to the facts in this case, we hold that Chavez committed two chargeable crimes, not five. We also hold that Chavez did not preserve his objection to the charging information, and, on appeal, he has not demonstrated fundamental error in the information. Accordingly, we affirm in part, reverse in part, and remand with instructions that the trial court vacate Chavez's convictions under Counts II, III, and V.

Affirmed in part, reversed in part, and remanded with instructions.

BAILEY, J., and BARNES, J., concur.

8