## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 24 2017, 9:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shawn Eldridge,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 24, 2017

Court of Appeals Case No.
49A05-1610-CR-2369

Appeal from the Marion Superior Court

The Honorable Linda E. Brown, Judge
The Honorable Steven J. Rubick, Magistrate

Trial Court Cause No.
49G10-1607-CM-27670

**May, Judge.**

[1]     Shawn Eldridge ("Eldridge") appeals two of three convictions of Class A misdemeanor resisting law enforcement.[1]  He asserts, and the State concedes, two of the counts should be vacated as they violate the continuous crime doctrine.  We reverse and remand.

# Facts and Procedural History

[2]     On July 19, 2016, four officers responded to a report of a disturbance at a residence.  Antwon Eldridge ("Antwon") requested assistance in removing his brother, Eldridge, from Antwon's premises.  Eldridge, while appearing confused, left after thirty minutes but then came right back.  Upon his return, one of the officers attempted to handcuff him.  However, Eldridge resisted.  After "thirty (30) seconds to a minute" of resisting three of the officers, they were able to take Eldridge into custody.  (Tr. at 7.)

[3]     On July 20, 2016, the State charged Eldridge with one count of Class A misdemeanor trespass[2] and three counts of Class A misdemeanor resisting law enforcement.  Subsequently, the State requested and was granted dismissal of the trespass charge.  At a bench trial, Eldridge was found guilty of the three counts of resisting law enforcement and sentenced to 67 days on each, to be served concurrently.

---

[1] Ind. Code § 35-44.1-3-1(a)(1) (2016).

[2] Ind. Code § 35-43-2-2 (2016).

# Discussion and Decision

[4] Eldridge asserts two of his convictions should be vacated because although three officers were involved in the incident, the resisting was "only one continuous crime." (Appellant's Br. at 6.) The State agrees two of the convictions should be vacated based on the fact his crime was one continuous crime.

> The continuing crime doctrine essentially provides that actions that are sufficient in themselves to constitute separate criminal offenses may be so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction. [T]he continuing crime doctrine reflects a category of Indiana's prohibition against double jeopardy. . . . The statutory elements and actual evidence tests [of double jeopardy, as described in *Richardson v. State,* 717 N.E.2d 32 (Ind.1999),] are designed to assist courts in determining whether *two separate[ly] chargeable crimes* amount to the "same offense" for double jeopardy purposes. The continuous crime doctrine does not seek to reconcile the double jeopardy implications of two distinct[,] chargeable crimes; rather, it defines those instances where a defendant's conduct amounts only to a single[,] chargeable crime. In doing so, the continuous crime doctrine prevents the state from charging a defendant twice for the same continuous offense.

*Chavez v. State*, 988 N.E.2d 1226, 1228 (Ind. Ct. App. 2013) (internal citations and quotations removed, emphasis in original), *trans. denied.*

[5] Although the counts were based on actions against three separate officers, the actions constituted one continuous crime. Thus, we reverse and remand with

instructions for the trial court to vacate two of Eldridge's convictions of resisting law enforcement.

[6] Reversed and remanded with instructions.

Brown, J., and Pyle, J., concur.