## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.





FILED

Jun 28 2017, 6:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Karen Celestino-Horseman<br>Indianapolis, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | George P. Sherman<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph Richardson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 28, 2017<br><br>Court of Appeals Case No.<br>49A04-1609-CR-2196<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Marc T. Rothenberg, Judge<br><br>Trial Court Cause No.<br>49G02-1211-FB-76505 |

**Robb, Judge.**

# Case Summary and Issues

[1] Following a bench trial, Joseph Richardson was convicted of two counts of child molesting, one count as a Class B felony and the other as a Class C felony. Richardson appeals his convictions, raising two issues for our review, which we restate as: 1) whether the evidence is sufficient to sustain his convictions, and 2) whether his convictions violate the continuing crime doctrine. Concluding the evidence is sufficient and Richardson's convictions do not violate the continuing crime doctrine, we affirm.

# Facts and Procedural History

[2] In early 2012, twelve-year-old J.W. and her cousin, M.M., visited J.W.'s close friend, M.H., at M.H.'s home. At some point, the trio went to eighteen-year-old Richardson's home, who lived with his parents next door. Richardson provided alcohol to J.W. J.W. then began to feel ill and went outside. Richardson followed J.W. and suggested the pair go into the garage. As soon as they got into the garage, Richardson pulled J.W.'s pants down, but J.W. told him "no," pulled her pants back up, and sat down on a couch in the garage where Richardson joined her. Transcript, Volume II at 14. Once seated, Richardson pulled down J.W.'s pants and underwear and digitally penetrated J.W.'s vagina. Richardson then stopped, took his pants and underwear off, and penetrated J.W.'s vagina with his penis. J.W. began crying, but did not tell Richardson to stop. Thereafter, Richardson returned to his house and J.W. returned to M.H.'s home. At some point, J.W. explained Richardson's acts to

M.M. and M.M. immediately told J.W.'s mother, Heidi Coburn, who called law enforcement. Law enforcement later interviewed Richardson. Before informing Richardson of J.W.'s allegations, the detective asked Richardson how old he believed J.W. was in early 2012. Richardson initially stated he believed J.W. was fourteen years old in early 2012, but later expressed uncertainty and claimed she may have been twelve or thirteen.

[3] On November 8, 2012, the State charged Robinson with two counts of child molesting, one count as a Class B felony and the other as a Class C felony. At trial, J.W. testified to Richardson's acts. J.W.'s mother also testified. Coburn explained she had previously interacted with Richardson at least ten times in early 2012. The following exchange then occurred:

> [State:] Did you have any concerns about the Defendant being around J.W.?
> [Coburn:] I know J.W. was in her preteens and she kind of flirted, and I made comments to, Stay away from my daughter. She's only 12.
> [State:] Okay. So you made comments to Joseph Richardson to stay away from your daughter?
> [Coburn:] Yes, ma'am. Yes, ma'am.
> [State:] And you—
> [Coburn:] On numerous times.
> [State:] Okay. And did you specifically tell him her age?
> [Coburn:] Yes.
> [State:] Okay. Do you know how many times you had had those kind of conversations with him telling him to stay away because of how old she was?
> [Coburn:] Yes, ma'am.
> [State:] How many times?
> [Coburn:] Almost every time I seen him.

*Id.* at 34-55. Richardson also testified in his own defense, denying J.W.'s allegations and explaining he "always thought she was 14." *Id.* at 53. Richardson was found guilty as charged and the trial court entered judgment of conviction on both counts. This appeal ensued.

# Discussion and Decision

## I. Sufficiency of the Evidence

### A. Standard of Review

When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh the evidence nor judge witness credibility. *Smart v. State*, 40 N.E.3d 963, 966 (Ind. Ct. App. 2015). Rather, we consider only the evidence supporting the judgment and any reasonable inferences arising from such evidence. *Id.* We will affirm a conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citation omitted).

### B. Reasonable Belief Defense

Richardson contends the evidence is insufficient to support his convictions. Specifically, he claims his testimony establishes he reasonably believed J.W. was at least fourteen years old. Child molesting is a Class B felony when a person performs or submits to sexual intercourse or deviate sexual conduct with a child under the age of fourteen. Ind. Code § 35-42-4-3(a) (2007). Child

molesting is a Class C felony when a person performs or submits to any fondling or touching of a child under the age of fourteen with the intent to arouse or to satisfy the sexual desires of either the child or the person. Ind. Code § 35-42-4-3(b) (2007). It is a defense to both offenses that the accused reasonably believed the child was at least fourteen years old at the time of the conduct. *Garcia v. State*, 936 N.E.2d 361, 364 (Ind. Ct. App. 2010) (citing *T.M. v. State*, 804 N.E.2d 773, 774-75 (Ind. Ct. App. 2004)), *trans. denied*. "Such a defense admits all the elements of the crime but proves circumstances that excuse the defendant from culpability." *Weaver v. State*, 845 N.E.2d 1066, 1069 (Ind. Ct. App. 2006), *trans. denied*. In order to invoke the defense, Richardson must prove by a preponderance of the evidence that he reasonably believed J.W. was at least fourteen years old when he molested her. *See id.* (noting that when a defense addresses only culpability, the defendant's burden is to prove the defense by a preponderance of evidence).

[6] The evidence admitted at trial demonstrates J.W.'s mother told Richardson on numerous occasions *prior* to the acts of molestation that he needed to stay from J.W. because she was only twelve years old. In addition, prior to being told of J.W.'s allegations, Richardson expressed a lack of confidence in his knowledge of J.W.'s age, claiming to the detective he did not know her age and that J.W. may be twelve or thirteen years old. Therefore, Richardson's argument that his testimony at trial established his reasonable belief J.W. was at least fourteen years old when he molested her is merely a request for this court to reweigh the evidence and reassess witness credibility, which we will not do. *Smart*, 40

N.E.3d at 966. We conclude Richardson did not prove his reasonable belief defense by a preponderance of evidence and the evidence is sufficient to support his convictions.

## II. Continuing Crime Doctrine

Richardson contends his convictions violate the continuing crime doctrine. Specifically, he argues his acts of digitally penetrating J.W. and then performing intercourse were continuous acts constituting a single transaction. We disagree.

The continuing crime doctrine "reflects a category of Indiana's prohibition against double jeopardy[,]" *Walker v. State*, 932 N.E.2d 733, 736 (Ind. Ct. App. 2010), and "defines those instances where a defendant's conduct amounts only to a single chargeable crime and prevents the State from charging a defendant twice for the same continuous offense[,]" *Koch v. State*, 952 N.E.2d 359, 373 (Ind. Ct. App. 2011), *trans. denied*. Specifically, the doctrine "provides that actions that are sufficient in themselves to constitute separate criminal offenses may be so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction." *Id*.

In *Firestone v. State*, 838 N.E.2d 468 (Ind. Ct. App. 2005), S.W. invited Bradley Griffin and Clay Firestone to her home. After having a few drinks, Griffin playfully tossed S.W. on the bed and S.W. explained she did not want to have sex. As S.W. attempted to rise from the bed, Griffin pinned her down by placing his knees on her shoulders. Griffin then removed S.W.'s pants and underwear and forced S.W. to perform oral sex on him. As Griffin continued

to force S.W. to perform oral sex, Firestone entered the bedroom and forced his penis inside S.W.'s vagina. Griffin and Firestone then switched places and Firestone pinned S.W. down and forced S.W. to perform oral sex on him. Firestone was later convicted of rape as a Class B felony and criminal deviate conduct as a Class B felony.

[10] On appeal, Firestone contended his convictions violated the continuing crime doctrine, arguing his actions constituted a single transaction because both offenses occurred in a short period of time and in the same bedroom. We disagreed, noting,

> Firestone clearly committed two different offenses at different times. After he finished raping S.W., he took the time to switch places with Griffin by climbing on top of S.W. and shoving his penis in her mouth. The continuity of the actions does not negate the fact that they were completely different sexual acts committed at different times. It would be impossible for Firestone to have his penis inside S.W.'s vagina and in her mouth at the same time. Thus, because the rape was separate in time from the criminal deviate conduct, we cannot conclude that Firestone's actions fall within the continuing crime doctrine.

*Id*. at 472.

[11] In *Chavez v. State*, 988 N.E.2d 1226 (Ind. Ct. App. 2013), *trans. denied*, Chavez was alone in a room with eight-year-old K.W. when he kissed K.W. on the mouth and inserted his tongue into her mouth. While kissing her, Chavez placed his hand on K.W.'s buttocks and breasts. Chavez then left the room, but later re-entered and a second encounter ensued. Chavez again kissed K.W. on

the mouth and inserted his tongue into her mouth. While kissing her, Chavez placed his hand on K.W.'s vagina, but outside her clothes. As to the first encounter, the State charged Chavez with three counts of child molesting as Class C felonies, citing the act of kissing J.W., touching her buttocks, and touching her breasts. As to the second encounter, the State charged Chavez with two counts of child molesting as Class C felonies, citing the act of kissing J.W. and touching her vagina outside her clothes. Chavez was convicted on all five counts.

[12]     On appeal, Chavez argued his convictions violated the continuing crime doctrine, contending his acts were continuous and amounted to one single chargeable crime. We concluded Chavez only committed two chargeable acts of child molesting, not five. As to the first encounter, we acknowledged Chavez committed three different acts, but concluded the acts of touching J.W.'s buttocks and breasts were done "*[w]hile kissing*" J.W., and therefore "[t]hose three acts were so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction." *Id*. at 1229 (citations and internal quotation marks omitted). We applied the same logic and reasoning to the second encounter. *See id*. at 1229-30. Ultimately, the trial court was instructed on remand to vacate three of the five convictions.

[13]     Similar to *Firestone*, Richardson committed two different offenses at two different times. Richardson first pulled down J.W.'s pants and underwear and digitally penetrated J.W.'s vagina. Richardson then stopped and "took the time" to remove his pants and underwear. *See Firestone*, 838 N.E.2d at 472. He

then proceeded to insert his penis into J.W.'s vagina. And unlike the first and second encounters addressed in *Chavez*, Richardson did not commit one act "while" committing the other. *See* 988 N.E.2d at 1229. For these reasons, we conclude Richardson's convictions do not violate the continuing crime doctrine.

# Conclusion

Richardson failed to satisfy his burden of proving he reasonably believed J.W. was at least fourteen years old when he molested her and we conclude the evidence is sufficient to sustain his convictions. We further conclude Richardson's convictions do not violate the continuing crime doctrine. Accordingly, we affirm.

Affirmed.

Vaidik, C.J., and Bailey, J., concur.