

FILED

Nov 21 2018, 10:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David Becsey
Zeigler Cohen & Koch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Oscar Flores,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | November 21, 2018<br><br>Court of Appeals Case No.<br>18A-CR-1632<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Grant W.<br>Hawkins, Judge<br><br>Trial Court Cause No.<br>49G05-1606-F4-22070 |

**Vaidik, Chief Judge.**

# Case Summary

[1]     Oscar Flores was convicted of two counts of Level 4 felony child molesting of

his niece—one for fondling and the other for touching.  He now appeals,

arguing that the fondling and touching occurred during a single transaction and

therefore one of his convictions should be vacated under the continuous-crime doctrine. We agree with Flores and therefore reverse and remand with instructions for the trial court to vacate one of his convictions.

## Facts and Procedural History

[2] Flores is C.G.'s[1] uncle by marriage. One night in the spring of 2016, twelve-year-old C.G. spent the night at her aunt and Flores's house. After helping get her younger cousins to sleep, C.G. went to sleep alone in her cousin's bed. Later that night, C.G., who was sleeping on her side, woke up when she heard a zipper and felt "somebody touch[ing] [her]" from behind. Tr. Vol. II p. 39. C.G.'s pants and underwear were about halfway down in the back. C.G. then felt a penis touching "in between" her "butt cheeks" and fingers touching her vagina under her pants but on top of her underwear. *Id.* at 43. Scared, C.G. rolled off the bed, at which point she saw that Flores was the one who had touched her.

[3] The State charged Flores with two counts of Level 4 felony child molesting under Indiana Code section 35-42-4-3(b), one for "fondling" C.G. with the intent to arouse or satisfy sexual desires and the other for "touching" C.G. with the intent to arouse or satisfy sexual desires. Appellant's App. Vol. II p. 20. A jury trial was held. During closing arguments, the State argued that Flores

---

[1] The transcript refers to the victim as "Alleged Victim" or "A.V." *See* Tr. Table of Contents p. 2.

"touched and fondled" C.G. during an "event" where he touched C.G.'s butt cheeks and vagina. Tr. Vol. II pp. 175-78. The jury found Flores guilty on both counts, and the trial court sentenced him to concurrent terms of ten years.

[4] Flores now appeals.

# Discussion and Decision

[5] Flores contends that his two convictions for Level 4 felony child molesting violate the continuous-crime doctrine.[2] The continuous-crime doctrine is a rule of statutory construction and common law limited to situations where a defendant has been charged multiple times with the same "continuous" offense. *Hines v. State*, 30 N.E.3d 1216, 1219 (Ind. 2015). The doctrine does not seek to reconcile the double-jeopardy implications of two distinct chargeable crimes; rather, it defines those instances where a defendant's conduct amounts only to a single chargeable crime. *Id.* A crime that is continuous in its purpose and objective is deemed to be a single uninterrupted transaction. *Id.* at 1220. In addition, offenses are deemed to be one continuous transaction when they are closely connected in time, place, and continuity of action. *Id.*

[6] Flores argues that *Chavez v. State*, 988 N.E.2d 1226 (Ind. Ct. App. 2013), *trans. denied*, is controlling. We agree. In *Chavez*, the defendant was alone in a room

---

[2] Indiana case law alternates between "continuing" crime doctrine and "continuous" crime doctrine. Because the Indiana Supreme Court referred to it as the "continuous" crime doctrine in its 2015 decision in *Hines v. State*, 30 N.E.3d 1216 (Ind. 2015), so do we.

with eight-year-old K.W. when he kissed K.W. on the mouth and inserted his tongue into her mouth. While kissing her, the defendant placed his hand underneath K.W.'s shirt and rubbed her nipple and held his hand on her buttocks. K.W. then left the room. K.W. later returned to the room, and a second encounter ensued. The defendant again kissed K.W. on the mouth and inserted his tongue into her mouth. While kissing her, the defendant placed his hand, over K.W.'s clothes, on her vagina. As to the first encounter, the State charged the defendant with three counts of Class C felony child molesting (touching or fondling with intent to arouse or satisfy sexual desires), citing the acts of kissing K.W., touching her nipple, and touching her buttocks. As to the second encounter, the State charged the defendant with two counts of Class C felony child molesting (touching or fondling with intent to arouse or satisfy sexual desires), citing the acts of kissing K.W. and touching her vagina over her clothes. The defendant was convicted on all five counts.

[7]   On appeal, the defendant argued that his five acts were "one chargeable crime" under the continuous-crime doctrine. *Id.* at 1228. We concluded that the defendant committed two chargeable acts of child molesting, not five. *Id.* at 1229. As to the first encounter, we acknowledged that the defendant committed three different acts; however, we concluded that the acts of touching K.W.'s nipple and buttocks "**[w]hile kissing her**" were closely connected in time, place, and continuity of action and therefore constituted a single transaction. *Id.* We applied the same logic and reasoning to the second

encounter. *See id*. at 1229-30. We therefore reversed and remanded with instructions for the trial court to vacate three of the defendant's five convictions.

[8] The reasoning and logic of *Chavez* apply here. That is, the evidence shows that Flores put his penis between C.G.'s butt cheeks while he touched her vagina over her underwear. *See* Tr. Vol. II pp. 43-44. Just as in *Chavez*, these acts were closely connected in time, place, and continuity of action and therefore constitute a single transaction. 988 N.E.2d at 1229-30. Despite Flores's heavy reliance on *Chavez*, the State makes no effort at all to distinguish the two cases. Because Flores's conduct amounts only to a single chargeable crime, we reverse and remand with instructions for the trial court to vacate one of his convictions.

[9] Reversed in part and remanded.

Mathias, J., and Crone, J., concur.