FILED

Aug 10 2020, 10:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Valerie K. Boots
Daniel I. Hageman
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Amjab Salhab,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 10, 2020

Court of Appeals Case No.
19A-CR-3059

Appeal from the Marion Superior
Court

The Honorable Sheila A. Carlisle,
Judge

The Honorable Stanley E. Kroh,
Magistrate

Trial Court Cause No.
49G03-1811-F3-38212

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Amjad Salhab (Salhab), appeals following his conviction for three Counts of rape, Level 3 felonies, Ind. Code § 35-42-4-1(a)(1); and child seduction by a guardian, a Level 5 felony, I.C. § 35-42-4-7(m).

We affirm in part, reverse in part, and remand for further proceedings.

# ISSUES

Salhab presents this court with three issues, which we restate as:

    (1)  Whether his conviction for rape by digital penetration violates the continuous crime doctrine;

    (2)  Whether the trial court abused its discretion when it imposed consecutive sentences for his rape convictions; and

    (3)  Whether a condition of his probation is unconstitutionally overbroad.

# FACTS AND PROCEDURAL HISTORY

Salhab was a friend of the father of seventeen-year-old Z.R. Around October 26, 2018, Salhab became Z.R.'s de facto guardian when she came to live in the home Salhab shared with his wife in Brownsburg, Indiana. Salhab was employed delivering medicines to area facilities for senior citizens in his van. Salhab's wife worked at a nursing home facility. Salhab and his wife both worked night shifts.

[5]  On October 30, 2018, Salhab left for work around 9:30 p.m. but returned home shortly thereafter and asked Z.R. if she wanted to get something to eat and ride along with him while he made his deliveries. Z.R. agreed to go. Salhab's first delivery was at his wife's workplace in Brownsburg. Salhab directed Z.R. to duck down so that his wife would not see that Z.R. was with him, and Z.R. complied.

[6]  Salhab then drove to his next delivery at an assisted living facility in the 2800 block of South Churchman Avenue in Marion County, Indiana. During the drive, Salhab asked Z.R. if she would have sex with him, and Z.R. refused. Upon arrival at the assisted living facility, Salhab drove to the back of the building and parked his van. Salhab climbed into the seat behind the driver's seat and told Z.R. to join him. Z.R. complied, whereupon Salhab pulled down her pants and attempted to insert his penis in Z.R.'s vagina even though Z.R. repeatedly told Salhab not to do so.

[7]  Salhab also touched Z.R.'s chest with his hands, and he bit her chest and lips. Salhab told Z.R. to pull her pants up, which she did. Salhab moved Z.R. to the backseat passenger side of the van, where he forced her head and mouth onto his penis. Salhab then turned Z.R. on her stomach and rubbed his penis against her back above her buttocks until he ejaculated. Salhab gave Z.R. a napkin to clean herself and then exited the van to make his scheduled delivery inside the assisted living facility.

[8] As soon as Salhab left the van, Z.R. called 911 and reported that she had been raped. When Salhab returned to the van after making his delivery, he was taken into custody by responding officers. Z.R. provided a statement to investigators who noted that her lip was so swollen that it impacted her ability to speak clearly. After receiving his *Miranda* advisements and signing a waiver of his rights, Salhab stated in a recorded interview that he was aware that Z.R. was seventeen years old. Salhab admitted that he had engaged in sexual intercourse and oral sex with Z.R. in his van and that he had rubbed his penis against her until he ejaculated. Salhab also admitted that he had penetrated Z.R.'s vagina and anus with his fingers, specifying that he had penetrated her anus with his finger because "he thought it would make her happy if he did that, that it make [sic] him cum[.]" (Transcript Vol. II, p. 216). Z.R. underwent a sexual assault examination. Swabs taken from Z.R.'s internal and external genitalia, anus, and a bitemark on her left breast showed the presence of Salhab's DNA.

[9] On November 2, 2018, the State filed an Information, charging Salhab with three Counts of Level 3 felony rape, one for forced sexual intercourse, one for forced oral sex, and one for forced digital penetration. The State also charged Salhab with Level 5 felony child seduction, Level 5 felony criminal confinement, and Level 6 felony child seduction. On November 14, 2019, the trial court convened Salhab's two-day jury trial. The jury found Salhab guilty as charged.

[10] On December 3, 2019, the trial court held Salhab's sentencing hearing. Due to double jeopardy concerns, the trial court vacated Salhab's convictions for Level 5 felony child seduction and Level 5 felony criminal confinement. The trial court found as a mitigating circumstance that Salhab had no history of criminal convictions. The trial court found as aggravating circumstances that Salhab had caused Z.R. injury; Z.R. was in his care, custody and control at the time of the offenses as her de facto guardian; and the nature and circumstances of the offenses were aggravating. The trial court sentenced Salhab to eight years for each of the Level 3 felony rapes, with two years suspended from each of those individual sentences, and to one year for his Level 6 felony child seduction conviction. The trial court order Salhab to serve his three rape sentences consecutively because it believed "from the evidence that these were distinct acts" and because the "significant" aggravating circumstance of his having care, custody, and control over Z.R. merited the imposition of consecutive sentences. (Tr. Vol. III, p. 80). The trial court ordered Salhab to serve his one-year child seduction conviction concurrently, for an aggregate sentence of twenty-four years, and it ordered Salhab to serve three years of probation. Condition No. 21 of Salhab's probation order (Condition No. 21), prohibited him from, among other things, visiting "businesses that sell sexual devices or aids." (Appellant's App. Vol. III, p. 5).

[11] Salhab now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Continuous Crime Doctrine*

Salhab contends that the continuous crime doctrine bars his conviction for rape by digital penetration. More specifically, Salhab argues that his conviction for rape by digital penetration cannot stand because there was no evidence that the offense occurred separately from his sexual intercourse oral sex offenses. We examine the issue of whether convictions run afoul of the continuous crime doctrine as one of pure law requiring a *de novo* review. *Hines v. State*, 30 N.E.3d 1216, 1219 (Ind. 2015).

In *Hines*, our supreme court clarified that the

> continuous crime doctrine is a rule of statutory construction and common law limited to situations where a defendant has been charged multiple times with the same offense. The continuous crime doctrine does not seek to reconcile the double jeopardy implications of two distinct chargeable crimes; rather, it defines those instances where a defendant's conduct amounts only to a single chargeable crime. The Legislature, not this Court, defines when a criminal offense is "continuous," e.g. not terminated by a single act or fact but subsisting for a definite period and covering successive, similar occurrences.

*Id*. (quotes and cites omitted). The court held that the doctrine only applies where the defendant "has been charged multiple times with the same 'continuous' offense." *Id*. at 1220. The *Hines* court disagreed with *Buchanan v. State*, 913 N.E.2d 712, 720-21 (Ind. Ct. App. 2009), *trans. denied*, which applied the doctrine to the two distinct criminal offenses of false reporting and

intimidation, and it noted that *Nunn v. State*, 695 N.E.2d 124, 125 (Ind. Ct. App. 1998), *trans. denied*, upon which *Buchanan* had relied, "too broadly paraphrased precedent when it stated, '[O]ur decisions have long recognized that actions which are sufficient in themselves to constitute separate criminal offenses may be so compressed . . . as to constitute a single transaction.'" *Id*. at 1220.

[14] Since *Hines* was decided, this court held in *Dilts v. State*, 49 N.E.3d 617, 631-32 (Ind. Ct. App. 2015), *trans. denied*, that the continuous crime doctrine did not apply to bar convictions for two Counts of Class A felony child molestation, where one was charged as sexual intercourse and one was charged as deviate sexual conduct, and where the evidence showed that the molestation took place on different days. We also examined the continuous crime doctrine in *Heckard v. State*, 118 N.E.3d 823, 825 (Ind. Ct. App. 2019), *trans. denied*, where Heckard was convicted of two counts of Level 1 felony child molesting by other sexual conduct involving D.K. Count I of the Information alleged that Heckard performed oral sex on D.K., while Count II of the Information alleged that Heckard submitted to oral sex with D.K. *Id*. at 826. Both of these acts occurred during the same incident in the same location, a bathroom. *Id*. at 825. Heckard argued that his dual convictions could not stand, as his actions had been "so compressed in terms of time, place, and singleness of purpose and continuity of action as to constitute a single transaction" and that he had been convicted of the same continuous offense because he had been charged under

the same 'other sexual conduct' portion of the child molesting statute. *Id*. at 830.

[15] Citing *Dilts*, we held that, because Heckard had been "convicted of two distinct, chargeable crimes," the continuous crime doctrine should not apply. *Id*. at 831. However, even if the doctrine were arguably applicable because Heckard had been charged twice with child molesting for 'other sexual conduct', focusing on the specific actions alleged in the charging information, we concluded that the doctrine had not been violated, as Heckard had been convicted of "two distinct actions: one for performing a sexual act on D.K. and one for forcing D.K. to perform a sexual act." *Id*. at 832. Accordingly, we held that "even when committed very close in time, two distinct child molestation offenses are separate and distinct crimes." *Id*. In affirming Heckard's convictions, we noted that "Heckard does not stand to benefit from the continuous crime doctrine for his conduct merely because the [L]egislature has described both separate, distinct actions under the same statute." *Id*.

[16] Here, Salhab was convicted of three Counts of Level 1 felony rape. Indiana Code section 35-42-4-1(a)(1) provides that rape occurs when a person

> knowingly or intentionally has sexual intercourse with another person or knowingly or intentionally causes another person to perform or submit to other sexual conduct [] when [] the other person is compelled by force or imminent threat of force[.]

[17] 'Sexual intercourse' is defined as any penetration of the female sex organ by the male sex organ. I.C. § 35-31.5-2-302. 'Other sexual conduct' is defined as an

act involving either a sex organ of one person and the mouth or anus of another person or the penetration of the sex organ or anus of a person by an object. I.C. § 35-31.5-2-221.5. The State charged Salhab with rape for subjecting Z.R. to sexual intercourse, oral sex, and digital penetration. Following *Dilts* and *Heckard*, we conclude that these offenses, as charged, were not three examples of the same offense but separate and distinct actions which were not barred by the continuous crime doctrine, even though they were all charged under the rape statute.

[18] Salhab's reliance on *Flores v. State*, 114 N.E.3d 522 (Ind. Ct. App. 2018), *trans. not sought*, does not persuade us otherwise. In *Flores*, the defendant was charged with two Counts of Level 4 felony child molesting for simultaneously rubbing his penis between C.G.'s buttocks and touching her vagina over her underwear. *Id*. at 523. Another panel of this court held that his convictions for both Counts violated the continuous crime doctrine. Relying on *Hines*, the *Flores* court reasoned that "these acts were closely connected in time, place, and continuity of action and therefore constitute a single transaction." *Id*. at 524. However, the *Hines* court noted that the "time, place, and continuity of action" language came from its previous decisions analyzing whether a homicide occurring after a robbery could be considered "continuous" for purposes of the felony-murder statute, and the *Hines* court observed that decisions such as *Nunn* and *Buchanan* had overly-broadly paraphrased and misapplied that precedent. *Hines*, 30 N.E.3d at 1220. Therefore, we conclude that our supreme court has clarified that whether offenses are closely connected in time, place, and continuity of

action is not dispositive in continuous crime doctrine analysis outside the context of felony-murder.

[19]     Even if such factors were dispositive, *Flores* is not helpful to Salhab, because, contrary to his assertions, the State produced evidence at trial that showed that his digital penetration offense was not simultaneous with the sexual intercourse and oral sex offenses. Salhab told investigators that he ejaculated after he rubbed his penis above Z.R.'s buttocks and that he when he placed his finger in Z.R.'s anus, "it make [sic] him cum[.]" (Tr. Vol. II, p. 216). Given that there is nothing in the record indicating that Salhab ejaculated more than once during the offenses, this evidence showed that his digital penetration was not simultaneous with the sexual intercourse and oral sex offenses. Accordingly, we conclude that Salhab's convictions for three counts of Level 3 felony rape did not violate the continuous crime doctrine.

## II. *Consecutive Sentences*

[20]     Salhab argues that the trial court abused its discretion when it ordered him to serve his sentences for his three rape convictions consecutively. So long as a sentence imposed by a trial court is within the statutory range for the offense, it is subject to review only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of the trial court's sentencing discretion occurs if its decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*, 868 N.E.2d at 490. A trial court abuses its discretion when it fails to enter a

sentencing statement at all, its stated reasons for imposing sentence are not supported by the record, its sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or its reasons for imposing sentence are improper as a matter of law. *Id*. at 490-91.

[21] The sentencing range for a Level 3 felony is between three and sixteen years, with an advisory sentence of nine years. I.C. § 35-50-2-5(b). The trial court imposed a below-advisory sentence of eight years for each of Salhab's Level 3 felony rape convictions and ordered him to serve those individual sentences consecutively. Salhab essentially argues that the trial court's imposition of below-advisory individual sentences shows that it found that the mitigators outweighed the aggravators, and, thus, that it was an abuse of the trial court's discretion to impose consecutive sentences. However, Salhab's argument is based on an inaccurate premise, as the trial court did not find that the mitigators outweighed the aggravators in his case; it made no statement regarding its balancing of the aggravators and mitigators. In addition, after the General Assembly adopted our present advisory sentencing scheme in 2005, a trial court is no longer obligated to identify and weigh the aggravating and mitigating circumstances upon rendering its sentence. *Anglemyer*, 868 N.E.2d at 491. Rather, it may impose any sentence authorized by law once it has entered its sentencing statement. *Id*.; *see also* I.C. § 35-38-1-7.1(d). As a result, the relative weight ascribed by the trial court to any aggravating and mitigating circumstances is no longer subject to our review. *Anglemyer*, 868 N.E.2d at 491. Salhab's argument relying on the pre-*Anglemyer* decision *Marcum v. State*, 725

N.E.2d 852, 864 (Ind. 2000), is unpersuasive because it is based on the inaccurate assumption that the trial court was obligated to find that the aggravators outweighed the mitigators in order to impose consecutive sentences.

[22] Salhab also argues that the trial court abused its discretion when it found that his position of care, custody, and control over Z.R. was an aggravating circumstance meriting the imposition of consecutive sentences for his rape convictions because the fact that he was Z.R.'s de facto guardian was an element of his Level 6 felony child seduction offense. We agree with Salhab that, as a general principle, a trial court abuses its discretion when it uses an element of the offense as an aggravating circumstance to justify an enhanced sentence. *See Asher v. State*, 790 N.E.2d 567, 570 (Ind. Ct. App. 2003) (finding the trial court's consideration of Asher's position of trust with his victim upon sentencing him for child seduction improper). However, Salhab's care, custody and control of Z.R. was not an element of the rape offenses, so that general principle was not applicable to this case. We find no abuse of the trial court's sentencing discretion.

### III. *Condition No. 21*

[23] The trial court suspended six years of Salhab's sentence and ordered him to serve three years of probation. Condition No. 21 ordered Salhab to refrain from visiting "businesses that sell sexual devices or aids." (Appellant's App. Vol. III, p. 5). Salhab argues that identical probation and parole conditions have already been held to be unconstitutionally overbroad, and we agree. *See Bleeke v.*

*Lemmon,* 6 N.E.3d 907, 921 n.8 (Ind. 2014) (parole condition); *Custance v. State*, 128 N.E.3d 8, 12 (Ind. Ct. App. 2019) (probation condition); *Collins v. State*, 911 N.E.2d 700, 714 (Ind. Ct. App. 2009) (probation condition), *trans. denied*. Therefore, we reverse that portion of the trial court's probation order and remand with instructions to the trial court to clarify that portion of Condition No. 21. *See Custance*, 128 N.E.3d at 12 (remanding identical probation condition to the trial court for clarification).

# CONCLUSION

[24] Based on the foregoing, we conclude that Salhab's conviction and sentencing for rape by digital penetration does not violate the continuous crime doctrine and the trial court did not abuse its discretion when it imposed consecutive sentences. However, we also conclude that the challenged portion of Condition No. 21 is unconstitutionally overbroad.

[25] Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

[26] May, J. and Altice, J. concur