

I N   T H E

# Court of Appeals of Indiana

Lee White,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



**FILED**

Jun 25 2025, 9:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

---

June 25, 2025

Court of Appeals Case No.
24A-CR-2592

Appeal from the Marion Superior Court

The Honorable James B. Osborn, Judge

Trial Court Cause No.
49D21-2307-F4-20729

---

**Opinion by Judge Mathias**
Judge Foley concurs.
Judge Felix concurs in result with separate opinion.

**Mathias, Judge.**

[1] The State charged Lee White with two counts of Level 4 felony child molesting under Indiana Code section 35-42-4-3(b) (2015), for which he was later convicted. The State's charging information alleged in both counts that White "did perform" fondling or touching of his victim under that statute, but the second count added the *disjunctive* possibility that White "did perform *or* submit to" such fondling or touching. Appellant's App. Vol. 2, p. 108 (emphasis added). The charges tracked the statutory language; did not allege any specific, delineating facts; and, aside from the disjunctive addition to the second count, were identically worded.

[2] On appeal, White argues that his two convictions violate his substantive double-jeopardy right to be free from multiple convictions under the same statutory language for the same discrete act as announced by our Supreme Court in *Powell v. State*, 151 N.E.3d 256 (Ind. 2020). The State responds that, because the second count included statutory language not in the first count, the proper test to apply here is the test for whether the same facts were used to prosecute White across different statutory language as announced by our Supreme Court in *Wadle v. State*, 151 N.E.3d 227 (Ind. 2020).

[3] On this question of first impression, we conclude that both *Powell* and *Wadle* apply. In particular, we apply *Powell* to the overlapping statutory language in the two counts to discern if White was twice subjected to jeopardy for the same discrete act. We then apply *Wadle* to the distinct and disjunctive "did perform"

and "did . . . submit to" allegations to discern if the State twice subjected White to jeopardy across varying statutory language. Applying those tests accordingly, we affirm White's convictions.

## Facts and Procedural History

Between January 2016 and December 2018, A.G., who was between four and seven years old, lived with her mother and her mother's boyfriend, White. At some point during that timeframe, A.G. was alone with White. White fondled A.G. over her clothes and then had her remove her clothes and fondled her again. He "then" had A.G. fondle him. Tr. Vol. 2, p. 77. Afterward, he told A.G. that if she said anything to anyone he would hurt her and her mother.

White repeated his molestation of A.G. three or four more times throughout those years. Around November 2018, A.G.'s mother broke up with White, and A.G. and her mother were preparing to move out of the home. White entered into A.G.'s bedroom, removed her clothes, fondled her, and then had her fondle him. On another occasion, White's son, who was about two or three years older than A.G., was also in the room.

In November 2022, A.G. attended a body-safety presentation at her school. There, she filled out a survey that asked if anyone had ever touched her inappropriately, and she responded "yes." *Id.* at 74. From there, an investigation ensued, and the State eventually charged White with two counts of Level 4 felony child molesting, both of which were charged under Indiana Code section 35-42-4-3(b).

[7]     In particular, the State's two charges read as follows:

>   Count I
>
>   On or about or between January 1, 2016, and December 31, 2018, LEE WHITE *did perform* fondling or touching with [A.G.], a child under the age of fourteen years, with the intent to arouse or satisfy the sexual desires of LEE WHITE or [A.G.];
>
>   Count II
>
>   On or about or between January 1, 2016, and December 31, 2018, LEE WHITE *did perform or submit to* fondling or touching with [A.G.], a child under the age of fourteen years, with the intent to arouse or satisfy the sexual desires of LEE WHITE or [A.G.]

Appellant's App. Vol. 2, p. 108 (emphases added; bold and some capitalization removed).

[8]     A.G. testified against White at his ensuing bench trial. At the close of the trial, the State summarized its charges and the evidence in relevant part as follows:

>   [A.G.] told the Court . . . that this is what happened, that she remembers being taken into a room, that she remembers having her clothes taken off. She remembers her chest and her vagina being touched. She circled those areas on the document and was able to identify those areas. She described the hand running up and down her vagina and she described the hand on her chest. . . . She said it happened more than once. She did also . . . talk about [her] butt. She mentioned . . . him touching [her] butt as well by running his hand down her back and then touching her butt . . . . The only difference [in the two charges] is

the did perform or submit to fondling or touching [in Count 2]. In this particular situation, you heard [A.G.'s] testimony that she . . . had her hand put on the private part of Lee White and that he moved her hand up and down [his] private part.

Tr. Vol. 2, pp. 100-03.[1]

[9] The court found White guilty of both offenses and entered judgment of conviction on both counts. The court then sentenced White accordingly. This appeal ensued.

## Standard of Review

[10] On appeal, White argues that his two convictions are contrary to Indiana's protections against substantive double jeopardy. We review such questions de novo. *A.W. v. State*, 229 N.E.3d 1060, 1064 (Ind. 2024).

## Both *Powell* and *Wadle* apply here.

[11] Much of the parties' dispute on appeal is focused on which of our Supreme Court's double-jeopardy tests to apply here. As we have previously explained:

---

[1] Although A.G. testified that acts similar to the one day she described had occurred on three or four other occasions, White presented witness testimony that challenged those other alleged occurrences. Thus, the State, by focusing on the one day rather than multiple days in its closing argument, appears to have strategically argued a specific single-day theory of the evidence in support of the allegations rather than asking the fact-finder to engage in a battle of the witnesses across a multiple-day theory. We therefore disagree with the approach taken by the separate opinion, which argues for harmless error under a multiple-day theory of the evidence and, in doing so, would allow the State to affirmatively argue one theory of the evidence to the fact-finder while seeking to affirm the convictions under a different and novel theory of the evidence on appeal.

Our Supreme Court has recognized that substantive double jeopardy claims arise in two principal contexts: (1) when a single criminal act or transaction violates a single statute but results in multiple injuries/victims, and (2) when a single criminal act or transaction violates multiple statutes with common elements and harms one or more victims. *Wadle[ v. State]*, 151 N.E.3d [227,] 247 [(Ind. 2020)]; *Powell v. State*, 151 N.E.3d 256, 263 (Ind. 2020). The Court's decision in *Wadle* addressed the latter scenario, and its decision in *Powell* addressed the former scenario. *See Stone v. State*, 226 N.E.3d 829, 832 (Ind. Ct. App. 2024), *trans. denied*. "In either circumstance, the dispositive question is one of statutory intent." *Wadle*, 151 N.E.3d at 247.

* * *

[The defendant here] directs us to the *Powell* framework to decide his double jeopardy claim because his multiple rape convictions fell under a single statute[, namely, Indiana Code section 35-42-4-1(a), although the information premised each charge on a different factual definition of "other sexual conduct" under Indiana Code section 35-31.5-2-221.5]. But several cases have made clear that the legislature's decision to delineate separate crimes in one statute rather than multiple statutes should not control which double jeopardy test applies. *See Stone*, 226 N.E.3d at 832-33; *Carranza v. State*, 184 N.E.3d 712, 716 (Ind. Ct. App. 2022); *Koziski v. State*, 172 N.E.3d 338, 342 (Ind. Ct. App. 2021), *trans. denied*. In the rape context, we recently held that the *Wadle* test applied where the convictions were based on separate criminal acts—forcible sexual intercourse and forcible other sexual conduct—set out in the rape statute. *Stone*, 226 N.E.3d at 833. And we have done the same in child molest cases where multiple convictions were based on separate [subsections] of the same statute. *Carranza*, 184 N.E.3d at 716 (applying *Wadle* where child molesting convictions—one for other sexual conduct and the other for fondling or touching—were "based on separate subsections of the primary charging statute"); *Koziski*, 172 N.E.3d

at 342 (applying *Wadle* where child molesting convictions—one for licking victim's vagina and the other for digital penetration of her vagina—were based on two different statutorily defined types of other sexual conduct). Accordingly, where, as here, multiple convictions "fall under separate statutory provisions, each defining a separate crime, the *Wadle* 'multiple statutes' test is a better fit than the *Powell* 'single statute' test." *Koziski*, 172 N.E.3d at 342.

*Thompson v. State*, 246 N.E.3d 1251, 1254-55 (Ind. Ct. App. 2024). Stated another way, our Supreme Court's analysis in *Powell* applies where the question is whether the State has alleged or shown discrete, prosecutable acts under identical statutory language, and our Supreme Court's analysis in *Wadle* applies where the question is whether the State has alleged or used the same evidence to show violations of different statutory language.

[12]     The parties here thus dispute whether the two counts set out in the charging information are captured by *Powell* or by *Wadle*. Both arguments have merit; Count I and Count II identify as their factual bases the same statutory language, namely, that White "did perform" fondling or touching of A.G. under Indiana Code section 35-42-4-3(b). Appellant's App. Vol. 2, p. 108. Count II then adds an additional *disjunctive* basis that White "did perform *or submit to*" fondling or touching of A.G. *Id.* (emphasis added). Whether *Powell* or *Wadle* should apply in such circumstances is a question of first impression for our Court.

[13]     But, while the parties argue that either *Powell* or *Wadle* must apply, we conclude that they both apply. The State's information simply tracks the same statutory language across two counts with the only distinction between the counts being

the inclusion of a disjunctive alternative in the second count. We have repeatedly been called upon to solve the problems caused when the State simply tracks statutory language in the charging information without referencing specifically alleged facts, and this is yet another example. *See, e.g.*, *Eversole v. State*, 251 N.E.3d 604, 608 (Ind. Ct. App. 2025), *trans. denied*; *Ratliff v. State*, 242 N.E.3d 1070, 1078 (Ind. Ct. App. 2024), *trans. denied*; *Bradshaw v. State*, 239 N.E.3d 864, 868 (Ind. Ct. App. 2024). The State's charges here allege *both* the possibility of two convictions under the exact same statutory language *and also* the possibility of two convictions under differing statutory language. Thus, the two counts, as written, implicate both the single-statute analysis under *Powell* and also the multiple-statutes analysis under *Wadle*, and we address each analysis in turn.

## The facts presented at trial demonstrated two discrete, prosecutable acts, and there is therefore no substantive double-jeopardy violation under *Powell*.

[14] We begin by applying *Powell* to the overlapping "did perform" allegations. Appellant's App. Vol. 2, p. 108. Under *Powell*, we first determine the "unit of prosecution" for the statutory offense at issue. *Powell*, 151 N.E.3d at 264. A "unit of prosecution" often distinguishes between "conduct-based statutes" and "result-based statutes." *Id.* at 265. Under a conduct-based statute, "the crime is complete once the offender engages in the prohibited conduct, regardless of whether that conduct produces a specific result (*e.g.*, multiple victims)." *Id.* at 266 (bold font removed). That is, "a single discrete incident can be the basis for

only one conviction" regardless of the result of that incident. *Id.* Under a result-based statute, the "results or consequences" of the action is part of the "gravamen of the offense," such as with "murder, manslaughter, battery[,] and reckless homicide." *Id.*

[15] White asserts that Indiana Code section 35-42-4-3(b) (2015)[2] is a conduct-based statute and, as such, permits prosecution for only one unit of the prescribed conduct. *See* Appellant's Br. at 16. We have no qualms with that assertion. Indiana Code section 35-42-4-3(b) proscribes "any fondling or touching" of "either" "a child under fourteen (14) years of age . . . or the older person[] with intent to arouse or to satisfy the sexual desires of either . . . ."[3] We agree with White that the "unit of prosecution" under that statute is the conduct of "any fondling or touching" of "a child" or the defendant with the requisite mens rea. *See Powell*, 151 N.E.3d at 265-66. But that simply means that, for each charge under the same statutory language, the State must prove a discrete act; it does not mean that the State cannot bring multiple charges against a defendant under the same statutory language for multiple, discrete acts. Accordingly, we proceed to determine under *Powell* whether the State's charges allege or prove discrete acts under Indiana Code section 35-42-4-3(b).

---

[2] While Indiana Code section 35-42-4-3 has since been amended, those amendments are immaterial to our analysis.

[3] We note that, in *Powell*, our Supreme Court distinguished the mens rea of an offense from the "results" of the offense. 151 N.E.3d at 266.

[16]     Under the second step of the *Powell* test, we must determine "whether the facts—as presented in the charging instrument and as adduced at trial—indicate a single offense or whether they indicate distinguishable offenses." *Id.* To answer this question, "we ask whether the defendant's actions are so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction." *Id.* (quotation marks omitted).

[17]     As to this step, we agree with White that our Supreme Court's recent guidance in *A.W. v. State*, 229 N.E.3d 1060, 1067-69 (Ind. 2024), which clarified the similarly-worded second step of the *Wadle* test, is instructive here. In particular, in *A.W.* our Supreme Court clarified that we first look to the face of the charging instrument to discern the identified factual bases for the charges. *Id.* at 1068-69. But, as the prosecutor may "unilaterally decide how much" information "to include (or not include) in the charging instrument," this step creates a risk of "an asymmetrical benefit to the State." *Id.* at 1069. Thus, to eliminate that asymmetry, we will construe any ambiguities in the charging information in the defendant's favor. *Id.*

[18]     We apply that same logic to *Powell*, which, again, is concerned with whether the two charges capture discrete acts under the same statutory language and do not capture acts that are "so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction." 151 N.E.3d at 264 (quotation marks omitted). And, as Count I and Count II, as we are considering them here, are identical, we conclude that the charges as written do not unambiguously demonstrate two discrete acts. We therefore conclude

that the charges demonstrate a presumptive double-jeopardy violation under *Powell*.

[19] We thus turn to the final step of the *Powell* analysis (as clarified by *A.W.*), namely, whether the State's evidence and arguments at trial rebutted the presumptive double-jeopardy violation, and we conclude that the State did so. It argued to the trial court that Count I was supported by White's fondling or touching of A.G. and that Count II was supported by White "then" compelling A.G. to fondle or touch him. Tr. Vol. 2, p. 77. Although the State's summary of the evidence focused on the first day that White had molested A.G., we have previously recognized that "performing a sexual act" and "forcing [one] to perform a sexual act" are "two distinct actions." *Heckard v. State*, 118 N.E.3d 823, 832 (Ind. Ct. App. 2019), *trans. denied*.

[20] Still, White argues on appeal that those two acts were so compressed that they should be considered one act. We disagree. A.G.'s testimony made clear that the two acts did not occur simultaneously. *See Flores v. State*, 114 N.E.3d 522, 523 (Ind. Ct. App. 2018) (vacating one of two convictions where the facts showed fondling and touching at the same time); *Chavez v. State*, 988 N.E.2d 1226, 1228-30 (Ind. Ct. App. 2013) (vacating convictions for simultaneous acts but affirming convictions that occurred separately, albeit on the same day), *trans. denied*. And nothing about White's fondling or touching of A.G. required any reference to him compelling A.G. to fondle or touch him, and vice versa. In other words, the two acts were discrete and were not a single transaction, and the State acted within our legislature's intent under Indiana Code section 35-42-

4-3(b) when the State sought and obtained two convictions against White for his two discrete acts.

[21] The State therefore rebutted the presumptive double-jeopardy violation, and White's substantive double-jeopardy rights under *Powell* were not violated.

## The face of Count II's disjunctive alternative plainly states an offense different from Count I, and there is therefore no substantive double-jeopardy violation under *Wadle*.

[22] We next apply *Wadle* to the alternative and disjunctive language that White "did perform" fondling or touching against A.G. in Count I and also "did . . . submit to" fondling or touching from her in Count II. Appellant's App. Vol. 2, p. 108. Under the first step of the *Wadle* test, we look to the statutory language of the offenses at issue; if that language "clearly permits multiple punishments," then "there is no violation of substantive double jeopardy." *A.W.*, 229 N.E.3d at 1066. The State concedes that this step is not dispositive, and so we proceed to step two of the *Wadle* test.

[23] At step two, as clarified by our Supreme Court in *A.W.*, we look to the face of the charging information to discern if the factual bases identified for the charges implicate our statutory definitions of an "included offense." *Id.* In particular, the Indiana Code defines an included offense as an offense that:

> (1) is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;

(2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or

(3) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission.

Ind. Code § 35-31.5-2-168 (2024). As our Supreme Court has further clarified, an offense is also an included offense where the charging information states that the "means used" to commit the alleged greater offense "include all of the elements of the alleged lesser included offense." *A.W.*, 229 N.E.3d at 1067 (quotation marks omitted). If one charged offense may be factually included in the other, we will find a presumptive double-jeopardy violation at this step. *Id.*

[24] We conclude that the face of the charging information plainly distinguishes the bases for Count I and Count II as relevant to the *Wadle* analysis. Count I alleges that White performed an act on A.G., and Count II alleges that White submitted to an act performed by A.G. The parties have not presented us with a plausible reading of those charges that might show that both acts could be demonstrated by the same facts.[4] We therefore conclude that there is no substantive double-jeopardy violation under *Wadle* with respect to White's two convictions.

---

[4] Even if one might be able to imagine a plausible reading of Count I and Count II here that would rely on the same facts, that would simply result in our review of the record to discern if the State delineated the facts to support two offenses. And the State did so here the same reasons explained in paragraphs 19 and 20 above.

## Conclusion

[25] For all of the above-stated reasons, we affirm White's two Level 4 felony child molesting convictions.

[26] Affirmed.

Foley, J., concurs.
Felix, J., concurs in result with separate opinion.

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Offices
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

**Felix, J., concurring in result.**

[27] I concur in the result but respectfully disagree with the majority's analysis. Given the extremely general nature of the charging information in this case, I understand the difficulty in choosing whether the *Powell* analysis or the *Wadle* analysis best fits the situation. However, both the *Powell* analysis and the *Wadle* analysis presume that a single criminal act or transaction has occurred. *Wadle v. State*, 151 N.E.3d 227, 247–48 (Ind. 2020); *Powell v. State*, 151 N.E.3d 256, 263 (citing *Wadle*, 151 N.E.3d at 247–48). Neither of these analytical frameworks are necessary here because it is abundantly clear that White violated the same statute on different occasions. *See Henson v. State*, 237 N.E.3d 1160, 1168 (Ind. Ct. App.), *trans. denied*, 244 N.E.3d 907 (Ind. 2024) (no double jeopardy analysis where defendant convicted for separate acts).

[28] White's appeal is premised on the assumption that the trial court's verdicts were based on one particular instance of abuse, but the record does not support that assumption. A.G. testified to several different incidents of sexual abuse that occurred when she was between five and six years old, and she explained that at least four of these incidents involved White touching her vagina and White making her touch his penis. During closing argument, the State explained that one of the child molesting counts was for White touching A.G.'s vagina and the other count was for White making A.G. touch his penis. Contrary to White's argument on appeal, the State did not specify at trial that either of the two counts was for one particular incident. Additionally, the trial court determined

A.G. was credible, which means the trial court believed A.G.'s testimony that White molested her on more than one occasion.

[29] Based on A.G.'s testimony, the charging information, the State's closing argument, and the fact that this was a bench trial, I believe White's convictions are for two separate acts such that there is no double jeopardy question before us. That is, White is not being punished twice for the same offense. I therefore concur and would also affirm White's convictions.